The STATE of Ohio, Appellee,

v.

GEIGER, Appellant.

[Cite as *State v. Geiger*, 169 Ohio App.3d 374, 2006-Ohio-5642.]

Court of Appeals of Ohio,
Third District, Allen County.

No. 1–06–45.

Decided Oct. 30, 2006.

Craig A. Geiger, pro se.

Tammie K. Hursh, Assistant Prosecuting Attorney, for appellee.

---

SHAW, Judge.

{¶ 1} Although this case was originally placed on our accelerated calendar, we have elected, pursuant to Loc.R. 12(5) of the Third Appellate Judicial District, to issue a full opinion in lieu of a judgment entry. Defendant-appellant, Craig A. Geiger ("Geiger"), appeals the May 30, 2006 judgment of the Lima Municipal Court, Allen County, Ohio, denying his motion to modify a sentencing order.

{¶ 2} On February 11, 2005, plaintiff-appellee, the state of Ohio, filed a complaint stating that on December 24, 2004, Geiger committed the offense of impersonating a police officer, a violation of R.C. 2929.51(B). This complaint was sworn to by Ohio State Trooper Gibson and was served with an arrest warrant upon Geiger by Gibson on February 11, 2005. On February 14, 2005, Geiger entered a plea of not guilty. This matter was set for a bench trial on May 23, 2005. However, on that date, Geiger appeared with his court-appointed attorney, withdrew his plea of not guilty, and entered a plea of no contest.

{¶ 3} Upon entry of the no-contest plea, the court found Geiger guilty of one count of impersonating a police officer. In its May 23, 2005 journal entry, the court fined Geiger $250 and sentenced him to 30 days in the Allen County jail, but suspended the jail sentence on the condition that Geiger "not impersonate a peace officer or private officer, remain away from Miss Berry, and remain off the property of Bluffton Mennonite Home." However, there was no order of probation or community control entered.

{¶ 4} On May 25, 2006, Geiger filed a motion requesting that the court modify its May 23, 2005 sentencing order prohibiting him from visiting or otherwise patronizing the Mennonite Memorial Home in Bluffton, Ohio, because his aunt has recently been admitted as a patient of this facility. On May 30, 2006, the court denied Geiger's motion to modify, finding that the sentence was appropriate under the circumstances and that Geiger had failed to submit new facts that would convince the court that a sentence modification was warranted.

{¶ 5} Geiger now appeals, asserting five assignments of error.

### First Assignment of Error

{¶ 6} Geiger's first assignment of error alleges that the trial court's sentence prohibiting him from visiting or otherwise patronizing the Mennonite Memorial Home in Bluffton, Ohio, where his aunt is now a patient, constitutes cruel and unusual punishment in violation of the Eighth Amendment to the United States Constitution.

### Second Assignment of Error

{¶ 7} Geiger's second assignment of error alleges that the trial court erred in denying his motion to modify the sentencing order when the state of Ohio failed to file an objection to the motion.

### Third Assignment of Error

{¶ 8} Geiger's third assignment of error asserts that he was denied effective assistance of counsel.

*Fourth and Fifth Assignments of Error*

{¶ 9} Geiger's fourth and fifth assignments of error allege that the trial court erred at the onset of this case by issuing an arrest warrant to the Ohio State Highway Patrol for service upon Geiger in violation of R.C.1901.23, and therefore the unlawful arrest and detention of Geiger constitute a violation of the rights afforded to him pursuant to the Fourth Amendment to the United States Constitution.

{¶ 10} Prior to addressing Geiger's assignments of error, we must first address the nature of this appeal. Geiger was convicted and sentenced by the trial court on May 23, 2005. We must address the conditions of Geiger's sentence as set forth in the trial court's May 23, 2005 journal entry. Specifically, we must determine whether the municipal court had the authority to order that Geiger "remain off the property of Bluffton Mennonite Home" for an unspecified duration of time.

{¶ 11} The overriding purposes of misdemeanor sentencing are set forth in R.C. 2929.21, which provides:

> (A) A court that sentences an offender for a misdemeanor or minor misdemeanor violation of any provision of the Revised Code * * * shall be guided by the overriding purposes of misdemeanor sentencing. The overriding purposes of misdemeanor sentencing are to protect the public from future crime by the offender and others and to punish the offender. To achieve those purposes, the sentencing court shall consider the impact of the offense upon the victim and the need for changing the offender's behavior, rehabilitating the offender, and making restitution to the victim of the offense, the public, or the victim and the public.

The imposition of a sentence for a misdemeanor is governed by R.C. 2929.22, which provides:

> (B)(1) In determining the appropriate sentence for a misdemeanor, the court shall consider all of the following factors:

> (a) The nature and circumstances of the offense or offenses;

> (b) Whether the circumstances regarding the offender and the offense or offenses indicate that the offender has a history of persistent criminal activity and that the offender's character and condition reveal a substantial risk that the offender will commit another offense;

> (c) Whether the circumstances regarding the offender and the offense or offenses indicate that the offender's history, character, and condition reveal a substantial risk that the offender will be a danger to others * * *;

(d) Whether the victim's youth, age, disability, or other factor made the victim particularly vulnerable to the offense or made the impact of the offense more serious;

(e) Whether the offender is likely to commit future crimes in general * * *. Although none of the statutory criteria set forth in R.C. 2929.22 mandates a certain result, the court must consider the factors as set forth in that statutory section. *State v. Jones,* 9th Dist. No. 02CA0018, 2003-Ohio-20, 2003 WL 59752, citing *State v. Polick* (1995), 101 Ohio App.3d 428, 431, 655 N.E.2d 820.

{¶ 12} Pursuant to R.C. 2929.24(A)(4), if the sentencing court imposing a sentence upon an offender for a misdemeanor elects or is required to impose a jail term, the court shall impose a definite jail term of not more than 30 days for a misdemeanor of the fourth degree. However, pursuant to R.C. 2929.25(A)(1), when sentencing an offender for a misdemeanor when a jail term is not required by law, the sentencing court may do either of the following:

(a) Directly impose a sentence that consists of one or more community control sanctions authorized by section 2929.26, 2929.27, or 2929.28 of the Revised Code. The court may impose any other conditions of release under a community control sanction that the court considers appropriate * * *.

(b) Impose a jail term under section 2929.24 of the Revised Code from the range of jail terms authorized under that section for the offense, suspend all or a portion of the jail term imposed, and place the offender under a community control sanction or combination of community control sanctions authorized under section 2929.26, 2929.27 or 2929.28 of the Revised Code.

{¶ 13} The duration of all community-control sanctions imposed upon an offender and in effect for an offender at any time shall not exceed *five years.* R.C. 2929.25(A)(2). Furthermore, at sentencing, if a court directly imposes a community-control sanction or combination of sanctions pursuant to division (A)(1)(a) of R.C. 2929.25, the court shall state the duration of the community-control sanctions imposed and shall notify the offender of the consequences for violating the community-control sanctions. R.C. 2929.25(A)(3).

{¶ 14} In sum, although the trial court properly complied with R.C. 2929.21 and 2929.24 by fining Geiger $250 and sentencing him to serve 30 days in the Allen County jail, the suspension of the jail term on the conditions listed by the trial court was not proper in light of R.C. 2929.25(A). Specifically, we find that the trial court exceeded its authority because the condition requiring Geiger to "remain off the property of the Bluffton Mennonite Home" without a specified duration of time violates R.C. 2929.25(A)(2), which requires that the duration of all community-control sanctions imposed shall not exceed five years. Furthermore, the trial court erred by not stating the duration of the community-control

sanctions imposed and by not notifying Geiger of the consequences for violating the sanctions, pursuant to R.C. 2929.25(A)(3).

{¶ 15} Based on the foregoing, we must find that the portion of the trial court's sentence requiring Geiger to remain off the property of the Bluffton Mennonite Home was void.

{¶ 16} To this extent only, Geiger's first assignment of error is sustained. His second and third assignments of error are overruled as moot. There being no direct appeal from the original sentence, his fourth and fifth assignments of error are overruled on principles of res judicata. See *State v. Valance*, 3rd Dist. No. 9–03–02, 2003-Ohio-2387, 2003 WL 21057253, citing *State v. Perry* (1967), 10 Ohio St.2d 175, 39 O.O.2d 189, 226 N.E.2d 104, paragraph nine of the syllabus.

{¶ 17} Accordingly, the judgment of the Lima Municipal Court overruling Geiger's motion to modify his sentence is reversed and vacated.

Judgment reversed
and vacated.

CUPP and ROGERS, JJ., concur.