JOURNAL ENTRY AND OPINION
{¶ 1} Appellant, Jose Lisboa, appeals the trial court's denial of his petition for post-conviction relief and motions for a new trial. After a thorough review of the arguments, and for the reasons set forth below, we vacate appellant's plea and sentence, and remand to the trial court for further proceedings consistent with this decision.
 {¶ 2} Appellant was indicted on three counts. Count 1 charged conspiracy to commit felonious assault under R.C. 2923.1; Count 2 charged conspiracy to commit possession of drugs under R.C. 2925.11; and Count 3 charged possession of criminal tools under R.C. 2923.24.
 {¶ 3} On September 24, 2004, appellant entered into a plea agreement in which he pleaded guilty to one count of aggravated assault under R.C.2903.12 and *Page 2 
one count of domestic violence under R.C. 2919.25. The plea agreement included an agreed sentence of ten years of community control sanctions. The agreement was reduced to writing. In exchange, appellant agreed to plead guilty to the amended charges; voluntarily leave the country within 45 days; and not seek reentry for at least ten years. Before he could voluntarily leave the country, officials from the Immigration and Naturalization Services arrested and detained appellant, and he was ultimately deported.[1]
 {¶ 4} On April 21, 2006, appellant filed a motion for a new trial. The main evidence in support of appellant's motion for a new trial was an affidavit he received in March 2006 from witness, Bill Wilson (originally the state's informant). In the affidavit, Wilson indicated that appellant's wife, Kimberly, had paid him to set up appellant to commit a crime, but that appellant had eventually stated that he wanted to abandon the plan.
 {¶ 5} In the motion for a new trial, appellant argued that the trial court lacked jurisdiction to agree to the 45-day time period to leave the country; that he did not enter into a knowing and voluntary plea because he thought he could prevent deportation under the agreement; that he was denied effective assistance of counsel because his attorney failed to tell him that he could be deported; that the state failed to reveal evidence that his wife had "set him up" to be deported by paying Wilson *Page 3 
and that appellant had renounced the conspiracy; and that tapes, which revealed he had renounced the conspiracy, had been tampered with.
 {¶ 6} On September 5, 2006, appellant also filed a petition for post-conviction relief. He argued that he was denied due process when the sheriff's department failed to inform him that his wife had paid Wilson to set him up. He alleged that he learned of this only after she testified in a deposition after his plea hearing and after obtaining Wilson's affidavit in 2006.
 {¶ 7} Appellant also argued that his rights were violated when the state failed to provide defense counsel with "original and unaltered tape recording[s]" of the alleged conspiracy meeting. Appellant alleged that the tapes had been tampered with to exclude the part where he decided to withdraw from the conspiracy. He also argued that he was denied effective assistance of counsel regarding the plea agreement and deportation. Appellant provided an affidavit from an expert that indicated that the tape had been tampered with.
 {¶ 8} On November 13, 2006, an oral hearing was held. On December 22, 2006, both motions were denied. On January 11, 2007, appellant filed a notice of appeal of the trial court's December 22, 2006 judgment entry.
 {¶ 9} On May 15, 2007, appellant filed a motion to stay his appeal pending the trial court's ruling on a second motion for a new trial. On May 23, 2007, *Page 4 
appellant filed his second motion for a new trial with the trial court. On June 20, 2007, this court granted appellant's motion to stay the appeal pending the trial court's ruling on that motion. On August 1, 2007, the trial court denied appellant's second motion for a new trial/withdrawal of guilty plea. Appellant timely filed his appeal.[2]
 {¶ 10} During oral argument in this case, the merit panel requested that counsel supplement their briefs to address the issue of the legality of a sentence of 10 years community control sanctions and its impact upon the validity of the plea. Appellant and appellee have supplemented their briefs, and it is upon this issue that we resolve this matter.
 Validity of Plea and Sentence {¶ 11} Appellant makes several arguments in his brief and supplemental brief that support his contention that the trial court erred when it denied his motions for post-conviction relief and a new trial. We vacate appellant's sentence because we find that the trial court imposed a sentence in violation of R.C. 2929.15(A)(1) when it imposed 10 years community control.
 {¶ 12} Under R.C. 2929.15(A)(1), "the duration of all community control sanctions imposed upon an offender [convicted of a felony] under this division shall not exceed five years." "Crimes are statutory, as are the penalties therefor, and the *Page 5 
only sentence which a trial judge may impose is that provided for by statute * * *. A court has no power to substitute a different sentence for that provided for by law." State v. Beasley (1984),14 Ohio St.3d 74,75, 471 N.E.2d 774, citing Colegrove v. Burns (1964), 175 Ohio St. 437,195 N.E.2d 811. "Any attempt by a court to disregard statutory requirements when imposing a sentence renders the attempted sentence a nullity or void." Id. "The effect of determining that a judgment is void is well established. It is as though the proceedings had never occurred; the judgment is a mere nullity and the parties are in the same position as if there had been no judgment." State v. Bezak, 114 Ohio St.3d 94,96, 868 N.E.2d 961.
 {¶ 13} Under R.C. 2929.15(A)(1), the maximum term for which a defendant can be sentenced to community control is five years, hence, the agreed sentence of 10 years of community control sanctions is void and unenforceable. In State v. Payne, 114 Ohio St.3d 502,2007-Ohio-4642, ¶ 27, the court discussed the implications of a void sentence and stated that "a void sentence is one that a court imposes despite lacking subject-matter jurisdiction or the authority to act.State v. Wilson (1995), 73 Ohio St.3d 40, 44, 1995-Ohio-217,652 N.E.2d 196."
 {¶ 14} The state argues that appellant has waived his objection to the void sentence by virtue of the plea agreement; however, of course, subject matter jurisdiction can neither be waived nor conferred by agreement of the parties. Colonial Village Ltd. v. Wash. Cty. Bd. ofRevision, 114 Ohio St.3d 493, 2007-Ohio-4641, ¶ 10; *Page 6 Price v. Margaretta Twp. Bd. of Zoning Appeals, 6th Dist. No. E-02-029, 2003-Ohio-221, ¶ 6. In sum, neither the state, the defense, nor the court can agree to a sentence not provided by law.
 {¶ 15} Insofar as the written plea agreement makes abundantly clear that the consideration for the plea was the sentence, both the plea and sentence must be vacated, and the matter remanded to the trial court for further proceedings.
 {¶ 16} Plea and sentence are vacated; matter remanded for further proceedings consistent with this decision.
It is ordered that appellant recover of said appellee costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
CHRISTINE T. McMONAGLE, P.J., and PATRICIA ANN BLACKMON, J., CONCUR
 APPENDIX
Appellant's Assignments of Error:
I. Appellant was denied his right to due process under theFourteenth Amendment to the United States Constitution and Article I, Section 10 of the Ohio Constitution.
II. Appellant was denied effective assistance of counsel in violation of the Sixth and Fourteenth Amendments of the United States Constitution; and Article I, Section 10, Ohio Constitution.
III. The trial court erred in failing to grant Appellant's motion for new trial.
[1] Appellant contends that persons who leave the country voluntarily may be able to apply to reenter at a later date, whereas persons who are deported may not return.
[2] Assignments of error are included in the Appendix to this Opinion. *Page 1