[Cite as *State v. LaSalla*, 2013-Ohio-4596.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 99424**

# STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

# DAVID LASALLA

DEFENDANT-APPELLANT

,

**JUDGMENT:**
AFFIRMED IN PART, REVERSED IN PART, AND REMANDED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-563302

**BEFORE:**    McCormack, J., E.A. Gallagher, P.J., and Kilbane, J.

**RELEASED AND JOURNALIZED:**   October 17, 2013

**ATTORNEYS FOR APPELLANT**

Mark A. Stanton
Short Shepherd & Stanton
Rockefeller Blvd., Suite 1300
614 Superior Avenue, NW
Cleveland, OH 44113

John T. Castele
614 West Superior Avenue
Suite 1310
Cleveland, OH 44113


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor

By: Joseph J. Ricotta
Assistant County Prosecutor
8th Floor, Justice Center
1200 Ontario Street
Cleveland, OH 44113

TIM McCORMACK, J.:

**{¶1}**  For two years defendant-appellant, David LaSalla ("LaSalla") operated a scheme preying on the elderly homeowners in low-income communities.  He made fraudulent applications on unsuspecting homeowners' behalf to obtain home improvement loans and  pocketed the proceeds, defrauding both the homeowners and the lending institutions.  He pleaded guilty to a violation of Ohio's RICO (Racketeer Influenced Corrupt Organizations) statute, money laundering, and theft for his involvement in the scheme, and was sentenced to 57 months of incarceration and ten years of community control sanctions.

**{¶2}** On appeal, he claims his theft offenses were allied offenses of the RICO offense and should have been merged with the latter.  We disagree and affirm the trial court's determination that these offenses were not allied offenses.   We, however, reverse his ten-year term of community control and consecutive prison sentences, and remand for a correction of the court's error in the imposition of ten years of community control and for a proper imposition of consecutive sentences.

### Substantive Facts and Procedural History

**{¶3}** For two years between March 2004 and June 20, 2006, LaSalla defrauded 43 homeowners who were seeking loans for their home improvement projects.  He worked in conjunction with several codefendants:  Mitchell Jones and Daniel Peterson, both

employed by his mortgage brokerage firm, Crossland Financial ("Crossland"), and Charles Cravotta, who operated a home rehab business.

{¶4} The scheme worked like this. Cravotta would bid for home improvement projects and enter into a contract with homeowners for his service. Cravotta would then refer his customers to Crossland to obtain loans for the home improvement projects. Acting through Crossland, LaSalla, Jones, and Peterson would prepare fraudulent mortgage applications and submit them to specific lenders. The loans typically carried high interest rates with balloon payments.

{¶5} The lenders — who were indicted in separate cases — would then disburse the loan proceeds, knowing the applications were fraudulent. The funds would be deposited into Crossland's or Cravotta's bank accounts, and LaSalla would take most of the proceeds for his personal use. The home improvements would be either uncompleted or completed in a shoddy manner. In all, 43 fraudulent loans were obtained by LaSalla and his codefendants. Most of the homeowners were elderly and of low income. Some of them were also disabled.

{¶6} On June 27, 2012, LaSalla was charged by information for five counts: attempted engaging in a pattern of corrupt activity in violation of the RICO statute (Count 1), money laundering (Count 2), theft (Count 3), and attempted theft (Counts 4 and 5). All charges were third-degree felonies, punishable by potential prison terms of 9, 12, 18, 24, 30, or 36 months.

{¶7} Subsequently, defense counsel moved to merge the theft counts (Counts 3, 4, and 5) into the first two counts. The trial court denied the motion, ruling that different conduct and separate animus supported LaSalla's RICO offenses, precluding merger.

{¶8} Thereafter, LaSalla pleaded guilty to all five counts. The court imposed a prison term of 36 months for Count 1 (RICO), 12 months on Count 2 (money laundering), nine months on Count 3 (theft), to run consecutively for a total of 57 months. The court also imposed three years of postrelease control for these offenses.

{¶9} Regarding Counts 4 and 5 (attempted theft), the court imposed five years of community control sanctions on each count, to run consecutively.

{¶10} In addition, the court also order LaSalla to perform 300 hours of community work, submit to random drug testing, and pay $20,000 in costs of prosecution and $549,378 in restitution.

{¶11} LaSalla now appeals, raising two assignments of error for our review. Under the first assignment of error, he contends that the court erred in finding Counts 3, 4, and 5 (the theft counts) not allied offenses of Count 1 (RICO). Under the second assignment of error, he argues the sentence imposed by the court was contrary to law.

{¶12} We first address LaSalla's claim that his theft offenses are allied offenses of the RICO offense and should have been merged with the latter.

### Ohio's RICO Statute

{¶13} LaSalla was charged under R.C. 2923.32, also known as Ohio's Racketeer Influenced and Corrupt Organizations (RICO) statute. R.C. 2923.32 is modeled after

the Federal RICO Act, 18 U.S.C. 1962. *Sheets v. Carmel Farms, Inc.*, 10th Dist. Franklin Nos. 96APE09-1224 and 96APE09-1225, 1997 Ohio App. LEXIS 2422 (June 5, 1997). R.C. 2923.32(A)(1) states, "No person employed by, or associated with, any enterprise shall conduct or participate in, directly or indirectly, the affairs of the enterprise through a pattern of corrupt activity or the collection of an unlawful debt."

{¶14} "Enterprise" is defined as "any individual, sole proprietorship, partnership, limited partnership, corporation, trust, union, government agency, or other legal entity, or any organization, association, or group of persons associated in fact although not a legal entity." R.C. 2923.31(C).

{¶15} "A pattern of corrupt activity" means "two or more incidents of corrupt activity * * * that are related to the affairs of the same enterprise, are not isolated, and are not so closely related to each other and connected in time and place that they constitute a single event." R.C. 2923.31(E).

{¶16} "Corrupt activity" means "engaging in, attempting to engage in, conspiring to engage in, or soliciting, coercing, or intimidating another person to engage in" any of the enumerated offenses. R.C. 2923.31(I). One of the enumerated offenses is theft, defined in R.C. 2913.02. That statute states "[n]o person, with purpose to deprive the owner of property or services, shall knowingly obtain * * * the property * * * [b]y deception[.]"

{¶17} To establish the existence of an "enterprise" under Ohio's RICO Act, it requires evidence of: "(1) an ongoing organization, formal or informal; (2) with

associates that function as a continuing unit; and (3) with a structure separate and apart, or distinct, from the pattern of corrupt activity." *State v. Franklin*, 2d Dist. Montgomery Nos. 24011 and 24012, 2011-Ohio-6802, ¶ 91, citing *State v. Warren*, 10th Dist. Franklin No. 92AP-603, 1992 Ohio App. LEXIS 6755 (Dec. 31, 1992), citing *United States v. Turkette*, 452 U.S. 576, 583, 101 S.Ct. 2524, 69 L.Ed.2d 246 (1981).

### *Johnson* set forth Proper Analysis for Allied Offenses

**{¶18}** LaSalla does not challenge his conviction under the RICO statute.   Rather, the issue in this appeal is whether the theft offenses — the predicate "corrupt activity" — are allied offenses and should have merged with the RICO offense.

**{¶19}** In *State v. Johnson*, 128 Ohio St.3d 153, 2010-Ohio-6314, 942 N.E.2d 1061, the Supreme Court of Ohio set forth a new analysis for determining whether multiple offenses are allied offenses of similar import.   Under the new two-part test, the court considers the defendant's conduct and answers two questions.  *Id.* at ¶ 44.   The first question is "whether it is possible to commit one offense and commit the other with the same conduct."  *Id.* at ¶ 48.   If it is found that the offenses can be committed by the same conduct, the court must then determine whether the offenses *were* committed by the same conduct, i.e., "a single act, committed with a single state of mind."  *Id.* at ¶ 49. If the answer to both questions is yes, the offenses are allied offenses of similar import and must be merged.  *Id.* at ¶ 50.

**{¶20}** If, however, "the commission of one offense will never result in the commission of the other, or if the offenses are committed separately, or if the defendant

has separate animus for each offense," then the offenses will not merge." *Id.* at ¶ 51. The term "animus," means "purpose or, more properly, immediate motive." *State v. Collins*, 8th Dist. Cuyahoga No. 99111, 2013-Ohio-3726, ¶ 8, citing *State v. Logan*, 60 Ohio St.2d 126, 131, 397 N.E.2d 1345 (1979).

{¶21} When a trial court makes a determination as to whether offenses should merge, we review the determination under a de novo standard. *State v. Williams*, 134 Ohio St.3d 482, 2012-Ohio-5699,983 N.E.2d 1245, ¶ 28; *Collins* at ¶ 5.

## Applying *Johnson*

{¶22} LaSalla argues the theft offenses were allied offenses to the RICO offenses, in that, "the thefts were the predicate offenses for [the RICO] charge. In other words, without the thefts, there would have been no pattern of corrupt activity." We find no merit to this claim.

{¶23} A RICO violation is, by definition, predicated on an underlying offense, therefore, LaSalla's argument is a non sequitur. One is guilty under the RICO statute if he or she employs an enterprise and participates in the affairs of the enterprise through a pattern of corrupt activity. In this case, the pattern of corrupt activity is the 43 instances where LaSalla used his criminal enterprise to commit theft.

{¶24} Under the *Johnson* analysis, the first question is "whether it is possible to commit one offense and commit the other with the same conduct." The answer is yes. It is possible to commit the RICO and theft offenses with the same conduct: LaSalla's conduct of submitting fraudulent loan applications through his mortgage firm, assisted by

a network of codefendants, and taking the loan proceeds for his personal use, violated both the theft and RICO statutes.

**{¶25}** The next question is whether the offenses *were* committed by the same conduct, i.e., "a single act, committed with a single state of mind." We find LaSalla's conduct is not "a single act, committed with a single state of mind." *The manner in which he commits thefts*, i.e., operating a criminal enterprise with a complex setup, utilizing seemingly legitimate entities, and engaging a network of codefendants, was separate and distinct conduct from the theft offenses themselves; in other words, the RICO offense was committed with a separate animus from the thefts. Therefore, under *Johnson*, these offenses are not allied offenses and do not merge.

**{¶26}** LaSalla's claim, that the predicate offense should be merged with the RICO violation, has been consistently rejected by the courts, both before and after *Johnson,* 128 Ohio St.3d 153, 2010-Ohio-6314, 942 N.E.2d 1061. In *State v. Moulton*, 8th Dist. Cuyahoga No. 93726, 2010-Ohio-4484, a pre-*Johnson* case, we observed that state and federal courts around the country have uniformly found that a RICO violation is a discrete offense that can be prosecuted and punished separately from its underlying predicate offense. We cited more than a dozen federal and state cases for our observation. *Id.* at ¶ 38.

**{¶27}** The courts similarly rejected this claim post-*Johnson*. *See State v. Montoya*, 12th Dist. Clermont No. CA2012-02-015, 2013-Ohio-3312, (drug possession and trafficking not allied offenses with the RICO offense); *State v. Thomas*, 3d Dist.

Allen Nos. 1-11-25 and 1-11-26, 2012-Ohio-5577 (trafficking in drugs should not merge with the RICO offense); *State v. Miranda*, 10th Dist. Franklin No. 11AP-788, 2012-Ohio-3971, ¶ 12 (trafficking in marijuana and the RICO offense did not merge);[1] *State v. Dodson*, 12th Dist. Butler No. CA2010-08-191, 2011-Ohio-6222 (trafficking in marijuana did not merge with the RICO offense).

{¶28} Finally, we note that Ohio courts have additionally relied on the legislative intent in finding that a RICO offense does not merge with the predicate offense. R.C. 2923.32 was intended to provide enhanced sanctions to deal with the unlawful activities of those engaged in organized crime. *State v. Thrower*, 62 Ohio App.3d 359, 377, 575 N.E.2d 863 (9th Dist.1989). "[T]he General Assembly intended to permit separate punishments for engaging in a pattern of corrupt activity and the underlying predicate crimes." *Miranda* at ¶ 12. *See also State v. Dudas*, 11th Dist. Lake Nos. 2008-L-109 and 2008-L-110, 2009-Ohio-1001, ¶ 48 (R.C. 2923.32 was enacted to criminalize the pattern of criminal activity, and not the underlying predicate acts). The RICO statute is intended to separately criminalize the use of an enterprise for the purpose of systematically committing illicit activities. The purpose of the statute would be frustrated by merging the RICO offense with the predicate offense.

---

[1] We note that the Supreme Court of Ohio has accepted *Miranda* for review and the case will be argued on November 5, 2013.

{¶29} The trial court properly determined LaSalla's offenses were not allied offenses of similar import and should not be merged. The first assignment of error is without merit.

## Sentence

{¶30} LaSalla received consecutive prison sentences on Count 1 (RICO), Count 2 (money laundering), and Count 3 (theft), totaling 57 months. He was also sentenced to a five-year term of community control sanctions for each of the two remaining theft counts (Counts 4 and 5). Under the second assignment of error, LaSalla contends his sentence is contrary to law in several ways. He alleges the trial court (1) improperly imposed both a prison term and community control; (2) improperly imposed ten years of community control; (3) failed to make the necessary findings for his consecutive sentences; and (4) improperly imposed a sentence disproportional to his codefendants.

{¶31} First, LaSalla claims that he could not be sentenced to serve community control sanctions following a prison term. He cites a single authority, *State v. Hayes*, 8th Dist. Cuyahoga No. 83515, 2004-Ohio-4491, for this claim. *Hayes* does not stand for that proposition.

{¶32} In that case, the defendant pled guilty to attempted rape and kidnapping. He was sentenced to five years with three years suspended on the attempted rape conviction, and seven years with two years suspended on the kidnapping conviction. The two sentences were to run concurrently. The trial court also imposed five years of community control sanctions after the defendant is released from prison.

**{¶33}** The defendant argued the trial court erred in imposing a partially suspended sentence and community control sanctions at the same time. This court agreed. We reasoned that when a court imposes community control sanctions, "the sanctions are directly imposed on the defendant and do not follow as a consequence of a suspended prison sentence." *Id*. at ¶ 27, citing R.C. 2929.15(A). We explained that the trial court must decide which sentence was most appropriate — prison or community control sanctions — and impose whichever option deemed to be necessary. *Id.* Because the trial court erred in imposing both a prison term and community control sanctions on the same count, we reversed the sentence.

**{¶34}** *Hayes,* 8th Dist. Cuyahoga No. 83515, 2004-Ohio-4491*,* is distinguishable, because here, the trial court imposed prison sentences on Counts 1, 2, and 3, and community control sanctions on Counts 4 and 5. The trial court had discretion to impose a combination of sanctions, i.e., a prison term for one count and community control for another, and to order the offender to serve them consecutively. *State v. May*, 8th Dist. Cuyahoga No. 97354, 2012-Ohio-2766, ¶ 29-31, citing R.C. 2929.13(A), and *State v. Connor*, 5th Dist. Delaware No. 04CAA04-028, 2004-Ohio-6752, ¶ 28-29. Here, the trial court was within its authority to fashion an appropriate remedy for LaSalla's offenses, imposing prison terms and community control sanctions on separate counts. LaSalla's contention is without merit.

**{¶35}** Second, LaSalla claims the court unlawfully imposed five years of community control. The state concedes the claim. The trial court imposed consecutive

five-year community control sanctions on two counts of attempted theft (Counts 4 and 5), totaling ten years. This was in error, because pursuant to R.C. 2929.15(A), the duration of *all* community control sanctions imposed on an offender cannot exceed five years. *See State v. Geiger*, 169 Ohio App.3d 374, 2006-Ohio-5642, 862 N.E.2d 914 (3d Dist.); *State v. Lisboa*, 8th Dist. Cuyahoga No. 89283, 2008-Ohio-571. Therefore, we reverse this portion of the sentence and remand for the trial court to impose community control sanctions authorized under R.C. 2929.15(A).

{¶36} Third, LaSalla claims his consecutive prison terms were contrary to law. Regarding this claim, we review it using the standard set forth in R.C. 2953.08. *State v. Venes*, 8th Dist. Cuyahoga No. 98682, 2013-Ohio-1891, ¶ 8-10. That statute provides two grounds for an appellate court to overturn the imposition of consecutive sentences: (1) when the sentence is "otherwise contrary to law"; or (2) when the appellate court clearly and convincingly finds that the record does not support the sentencing court's findings under R.C. 2929.14(C)(4). *Id.* at ¶ 11; R.C. 2953.08(G)(2).

{¶37} H.B. 86, effective on September 30, 2011, revived the requirement that trial courts make certain findings before imposing consecutive sentences. Under current R.C. 2929.14(C)(4), when imposing consecutive sentences, the trial court must first find the sentence is "necessary to protect the public from future crime or to punish the offender." Next, the trial court must find that consecutive sentences are "not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public." Finally, the trial court must find the existence of one of the three statutory factors set

forth in R.C. 2929.14(C)(4)(a)-(c). Compliance with this statute "requires separate and distinct findings in addition to any findings relating to purposes and goals of criminal sentencing." *Id.* at ¶ 17. The failure to make these findings is contrary to law. *Id.* at ¶ 12.

{¶38} Our review of the record shows the trial court did not make the statutory findings for consecutive sentences required by R.C. 2929.14(C), therefore, the consecutive sentences were contrary to law. The state concedes the error.

{¶39} This court has held that the proper remedy for correcting an error during imposition of consecutive sentences is a limited remand for the purpose of determining whether consecutive sentences should be imposed. *State v. White*, 8th Dist. Cuyahoga No. 99280, 2013-Ohio-3808, ¶ 6, citing *State v. Dodson*, 8th Dist. Cuyahoga No. 98521, 2013-Ohio-1344; *State v. Ross*, 8th Dist. Cuyahoga No. 98763, 2013-Ohio-3130; *State v. Walker*, 8th Dist. Cuyahoga No. 97648, 2012-Ohio-4274. Accordingly, we reverse the trial court's judgment sentencing LaSalla to consecutive terms of imprisonment, and remand the case to the trial court to consider whether consecutive sentences are appropriate and, if so, to enter the proper findings on the record.

{¶40} Finally, LaSalla argues his consecutive prison sentence of 57 months was disproportionate to the sentences received by his codefendants, Mitchell Jones and Charles Cravotta, who were both given 60 months of community control sanctions with no prison term. This claim is without merit.

**{¶41}** Generally, while an offense may be similar, distinguishing factors may justify dissimilar treatment. *State v. Dawson*, 8th Dist. Cuyahoga No. 86417, 2006-Ohio-1083, ¶ 31. Moreover, there is no requirement that codefendants receive equal sentences. *State v. Pruitt*, 8th Dist. Cuyahoga No. 98080, 2012-Ohio-5418, ¶ 26, citing *State v. Nelson*, 11th Dist. No. 2008-L-072, 2008-Ohio-5535, ¶ 21.

**{¶42}** Here, LaSalla's offenses are not even similar to his codefendants. LaSalla was charged with two more offenses than Jones and three more offenses than Cravotta. Although LaSalla claims "all the defendants' conduct was similar in a nature," the record reflects otherwise.

**{¶43}** LaSalla was the leader of the mortgage fraud scheme and received most of the illegal proceeds. Cravotta was not involved in preparing the fraudulent mortgage applications and not convicted of a RICO offense; his culpable conduct consisted in providing shoddy construction services. Jones, an employer of Crossland, carried out instructions as given by LaSalla and did not personally profit from the illegal activities. Given the record, we find the LaSalla's claim without merit.

**{¶44}** The second assignment is overruled in part and sustained in part.

**{¶45}** Sentence is affirmed in part, reversed in part, and case remanded for further proceedings consistent with this opinion.

It is ordered that appellant and appellee share the costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


_____
TIM McCORMACK, JUDGE

EILEEN A. GALLAGHER, P.J., and
MARY EILEEN KILBANE, J., CONCUR