[Cite as *State v. LaSalla*, 2015-Ohio-106.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 101316**

**STATE OF OHIO**

PLAINTIFF-APPELLEE

vs.

**DAVID LASALLA**

DEFENDANT-APPELLANT

**JUDGMENT:**
AFFIRMED AND REMANDED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-12-563302-A

**BEFORE:** McCormack, J., Boyle, P.J., and Keough, J.

**RELEASED AND JOURNALIZED:** January 15, 2015

**ATTORNEY FOR APPELLANT**

Rick L. Ferrara
2077 East 4th Street
Second Floor
Cleveland, OH 44114


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor

By: Christopher D. Schroeder
Assistant County Prosecutor
8th Floor, Justice Center
1200 Ontario Street
Cleveland, OH   44113

TIM McCORMACK, J.:

**{¶1}** Defendant-appellant, David LaSalla, appeals his sentence following remand by this court in *State v. LaSalla*, 8th Dist. Cuyahoga No. 99424, 2013-Ohio-4596 ("*LaSalla I*"). For the following reasons, we affirm and remand.

## Procedural History

**{¶2}** On June 27, 2012, LaSalla was charged by information for five counts: attempted engaging in a pattern of corrupt activity in violation of the RICO statute (Count 1), money laundering (Count 2), theft (Count 3), and attempted theft (Counts 4 and 5). All charges were third-degree felonies, punishable by potential prison terms of 9, 12, 18, 24, 30, or 36 months.

**{¶3}** On August 16, 2012, LaSalla pleaded guilty to all five counts. The court imposed a prison term of 36 months on Count 1 (RICO), 12 months on Count 2 (money laundering), and nine months on Count 3 (theft), to run consecutively for a total of 57 months. The court also imposed three years of postrelease control for these offenses. Regarding Counts 4 and 5 (attempted theft), the court imposed five years of community control sanctions on each count, to run consecutively. Finally, the court ordered LaSalla to perform 300 hours of community work, submit to random drug testing, and pay $20,000 in costs of prosecution and $549,378 in restitution.

**{¶4}** LaSalla appealed his sentence in *LaSalla I*, arguing that (1) the trial court erred in finding that Counts 3, 4, and 5 (the theft counts) are not allied offenses of Count 1 (RICO); and (2) his sentence was contrary to law. With respect to his second assignment of error, LaSalla claimed that his sentence was contrary to law in several ways and argued that the trial court (1) improperly imposed both a prison term and community control; (2) improperly imposed ten years

of community control; (3) failed to make the necessary findings for his consecutive sentences; and (4) improperly imposed a sentence disproportional to his codefendants. *LaSalla I.*

{¶5} With respect to the first assignment of error, this court found that the trial court properly determined that LaSalla's offenses were not allied offenses of similar import and should not be merged. *Id.* at ¶ 29. Regarding LaSalla's contention that his sentence was contrary to law, this court concluded that the trial court had discretion to impose a combination of sanctions, i.e., a prison term for Counts 1 through 3 and community control for Counts 4 and 5, and to order the offender to serve them consecutively, and there was no merit to LaSalla's argument that his 57-month consecutive prison sentence was disproportionate to the sentences imposed upon his codefendants. *Id.* at ¶ 34, 40.

{¶6} Relevant to the present appeal, and regarding the remaining two arguments, this court agreed with LaSalla regarding the imposition of ten years community control and we reversed that portion of LaSalla's sentence. We found that the trial court's sentence was in error because, pursuant to R.C. 2929.15(A), the duration of all community control sanctions imposed on an offender cannot exceed five years. *LaSalla I* at ¶ 35, citing *State v. Geiger*, 169 Ohio App.3d 374, 2006-Ohio-5642, 862 N.E.2d 914 (3d Dist.). Because the trial court ordered LaSalla's community control of five years to be served consecutively, the sentence exceeded five years. We therefore reversed "this portion of the sentence" and remanded for the trial court "to impose community control sanctions authorized under R.C. 2929.15(A)." *Id.*

{¶7} This court also agreed that LaSalla's consecutive sentence was contrary to law, finding that the trial court failed to make the consecutive sentence findings mandated by R.C. 2929.14(C). The state conceded the error. *Id.* at ¶ 38. We therefore reversed the trial court's judgment sentencing LaSalla to consecutive terms of imprisonment, and we remanded the case to

the trial court "to consider whether consecutive sentences are appropriate and, if so, to enter the proper findings on the record." *Id.* at ¶ 39.

{¶8} Upon remand, the trial court held a resentencing hearing. During the hearing, the trial court heard statements from the prosecutor, defense counsel, and LaSalla. The state renewed its request for consecutive sentences on Counts 1, 2, and 3, and asked that the court impose five years community control on each of Counts 4 and 5, to run concurrently, for a maximum of five years community control. The state also requested that the court run the sentence for the first three counts consecutive to the sentence of community control in the remaining two counts. Finally, the state noted that it filed a sentencing memorandum that included the required consecutive sentence findings and offered to place the information on the record at the hearing.

{¶9} Defense counsel presented to the court the facts from which the initial charges stemmed, availing himself of the "unique opportunity * * * to readdress this case." He submitted that his client was cooperative and provided assistance in the case to the authorities. Counsel requested that the court consider giving LaSalla credit for his time served and allow him to begin serving his probation so that he could "start making inroads in paying [restitution]," which he "desires to do." Counsel continued to inform the court that LaSalla has an opportunity to obtain employment and he would agree to extend probation in order to completely pay off the money that he owes.

{¶10} LaSalla also addressed the court and outlined the underlying facts of the case, during which time he apologized to his victims. He explained to the court that he regretted engaging in fraudulent activity with his mortgage business and he has made attempts to turn his life around and give back to those in need. Finally, LaSalla asked the court for a second chance,

in order to "pay back [the] people that I so wrongfully took advantage of at that time and begin to turn my life around."

{¶11} The court then stated that it believed the underlying sentences were fair under the circumstances, stating, "You know, this was a wide-ranging scheme. You found a lot of different victims here, a substantial sum of money. There was a stipulation of $549,378 in total restitution. The court believes that each of the individual sentences is fair and appropriate."  Thereafter, the court stated that it would "redo" the same sentences for Counts 1, 2, and 3 (36 months for Count 1, 12 months for Count 2, and 9 months for Count 3), and stated that consecutive sentences are "appropriate under the law and necessary to protect the public and to punish the offender, and it is not disproportionate, and I find that the harm was so great or unusual that a single term would not adequately reflect the seriousness of the conduct."  The court advised LaSalla that he has three years of postrelease control on each of the counts, he will receive jail-time credit, and "you've done some things, but you need to do more in prison.  You need to do more."

{¶12} The court also sentenced LaSalla to five years of community control on Counts 4 and 5, concurrent, to be served consecutively to Counts 1, 2, and 3, "for the same reason," and he reiterated the above consecutive sentence findings, stating "the harm was so great or unusual that a single term would not adequately reflect the seriousness of the conduct and is necessary to protect the public and punish the offender, and is not disproportionate."

{¶13} Finally, the court stated its reasons for imposing community control, imposed 300 hours of community work service and random drug testing, explained the consequences for a positive drug test, and ordered that LaSalla find verifiable employment and pay $20,000 in court costs. The court explained the consequences of violating community control in Counts 4 and 5, and it ordered $549,378 in restitution, payable through the probation department, informing

LaSalla of the consequences of failing to pay restitution according to an approved schedule. The court concluded the resentencing by acknowledging LaSalla's remorse, yet reminding him of his participation in the fraud and the fact that "there's a penalty to pay here."

Law and Analysis

{¶14} In his first assignment of error, LaSalla claims that the trial court erred in imposing consecutive sentences without including the requisite findings in the sentencing entry. The state concedes the error, and upon review of the record, this court substantiates that error.

{¶15} LaSalla urges this court to reverse the trial court's sentence based upon this error and remand for resentencing once again. We decline to do so.

{¶16} The trial court must incorporate the findings to impose consecutive sentences into its sentencing entry. *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, ¶ 29. The failure to include the findings, however, is a "clerical mistake" and does not render the sentence contrary to law. *Id.* at ¶ 30, citing *State v. Qualls*, 131 Ohio St.3d 499, 2012-Ohio-1111, 967 N.E.2d 718. The omission may therefore be corrected through a nunc pro tunc entry "to reflect what actually occurred in open court." *Id.*

{¶17} The trial court's sentencing entry in this case does not include the consecutive sentence findings. Therefore, in accordance with *Bonnell*, we remand to the trial court for the limited purpose of incorporating the consecutive sentence findings made at sentencing into the court's entry.

{¶18} LaSalla's first assignment of error is overruled.

{¶19} In his second assignment of error, LaSalla claims that the trial court erred in failing to hold a de novo sentencing hearing where this court (in *LaSalla I*) found that the trial court

improperly imposed ten years of community control. He argues that his entire sentence was void and he is therefore entitled to a de novo sentencing.

{¶20} When a case is remanded, a lower court must "'carry the mandate of the upper court into execution and not consider the questions which the mandate laid at rest.'" *State v. Falkenstein*, 8th Dist. Cuyahoga No. 99670, 2013-Ohio-5315, ¶ 12, quoting *State v. Carlisle*, 8th Dist. Cuyahoga No. 93266, 2010-Ohio-3407, ¶ 16; *see Sprague v. Ticonic Natl. Bank*, 307 U.S. 161, 168, 59 S.Ct. 777, 83 L.Ed. 1184 (1939). The "mandate rule" vests the lower court on remand with jurisdiction and it gives the lower court on remand the authority to render judgment consistent with the appellate court's judgment. *Carlisle* citing *Sprague*. The lower court may not disregard the explicit directives of the appellate court. *State v. Larkins*, 8th Dist. Cuyahoga No. 85877, 2006-Ohio-90, ¶ 31. Thus, where this court does not mandate a resentencing hearing, the trial court has no power to conduct one. *State v. Howard*, 8th Dist. Cuyahoga No. 87490, 2006-Ohio-6412.

{¶21} Here, in *LaSalla I*, this court determined that the trial court failed to make the consecutive sentence findings statutorily required by R.C. 2929.14(C) and it remanded the matter for the trial court to "consider whether consecutive sentences are appropriate and, if so, to enter the proper findings on the record." This court has held that the proper remedy for correcting an error during the imposition of consecutive sentences is not a de novo hearing; rather, it is a limited remand for the purpose of determining whether consecutive sentences should be imposed and to make those findings, if warranted. *State v. Frost*, 8th Dist. Cuyahoga No. 100498, 2014-Ohio-2645, ¶ 10, citing *State v. Nia*, 8th Dist. Cuyahoga No. 99387, 2014-Ohio-2527; *see also State v. Redd*, 8th Dist. Cuyahoga No. 98064, 2012-Ohio-5417, ¶ 20 ("Normally, when a defendant challenges the trial court's imposition of consecutive sentences and we agree with the

defendant and sustain the assignment of error, we only vacate that portion of the defendant's sentence that imposed consecutive sentences."). The record reveals in this case that the trial court followed our directive in *LaSalla I*, and it considered consecutive sentences appropriate and made the required consecutive sentence findings.

{¶22} This court, in *LaSalla I,* also determined that the trial court improperly imposed consecutive five-year community control sanctions on Counts 4 and 5, totaling ten years. Thus, it reversed "this portion of the sentence" and directed the trial court upon remand "to impose community control sanctions authorized under R.C. 2929.15(A)."

{¶23} Under R.C. 2929.15(A)(1), the duration of all community control sanctions imposed upon an offender convicted of a felony "shall not exceed five years." Any attempt by a trial court to disregard the statutory requirements renders the attempted sentence void. *State v. Lisboa*, 8th Dist. Cuyahoga No. 89283, 2008-Ohio-571, ¶ 12. Therefore, a sentence of consecutive five-year community control sanctions totaling ten years is void and must be vacated and remanded. *See id.*; *see also Geiger*, 169 Ohio App.3d 374, 2006-Ohio-5642, 862 N.E.2d 914 (3d Dist.) (where the trial court's imposition of community control exceeded the duration mandated by statute, that portion of the sentence was void and therefore vacated).

{¶24} A remand for a new sentencing hearing generally anticipates a de novo sentencing hearing. R.C. 2929.19(A). However, "Ohio appellate courts do not have the authority to vacate an entire sentence when only a portion of that sentence is subject to remand." *State v. Huber*, 8th Dist. Cuyahoga No. 98206, 2012-Ohio-6139, ¶ 17, citing *State v. Wilson*, 129 Ohio St.3d 214, 2011-Ohio-2669, 951 N.E.2d 381, ¶ 15. The sentencing hearing on remand is therefore limited to correcting the issue found to be in error on appeal, and the sentences for any offenses that were not affected by the appealed error are not vacated and are therefore not subject to de

novo review.  *Id.*; *State v. Saxon*, 109 Ohio St.3d 176, 2006-Ohio-1245, 846 N.E.2d 824, paragraph three of the syllabus ("An appellate court may modify, remand, or vacate only a sentence for an offense that is appealed by the defendant and may not modify, remand, or vacate the entire multiple-offense sentence.").

**{¶25}** Here, the record shows that upon remand, the trial court followed the mandate of this court to "impose community control sanctions authorized under R.C. 2929.15(A)."  It held a hearing on Counts 4 and 5, during which the court heard statements from LaSalla, his counsel, and the prosecutor.  The state renewed its request for a maximum of five years community control on Counts 4 and 5, now requesting the court to run the two counts concurrent to each other and consecutive to the prison sentence on Counts 1 through 3.  Defense counsel "readdressed" the court and requested the court give LaSalla "credit for all of his time served, giv[e LaSalla] a release, * * * an opportunity to start serving probation, start paying these people."

**{¶26}** Thereafter, the trial court sentenced LaSalla to a maximum of five years of community control on Counts 4 and 5, concurrent, stating that "[i]t cannot run consecutive.  The only reason why I ran it consecutive [at the initial hearing] was to have a long period of time of supervision so that there could be a payment under the control of the court, that's the only reason why it was done like that [previously]."  The court again ordered LaSalla to perform 300 hours of community work service, submit to random drug testing (explaining that LaSalla would be arrested on the first positive test or one too diluted), and pay $20,000 in costs and $549,378 in restitution, and it advised LaSalla of the consequences of violating his community control and his failure to pay restitution.  Finally, the court concluded the hearing by addressing LaSalla's participation in the underlying charges, and it advised LaSalla of his appellate rights.

**{¶27}** In light of above, we find the trial court, in following this court's directives, properly imposed community control sanctions authorized under 2929.15(A). And the court's sentencing hearing was properly limited to addressing Counts 4 and 5, for which the original sentence had been improperly imposed.

**{¶28}** LaSalla's second assignment of error is overruled.

**{¶29}** Sentence is affirmed. The matter is remanded for the limited purpose of incorporating the consecutive sentence findings made at sentencing into the court's entry.

It is ordered that appellee recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
TIM McCORMACK, JUDGE

MARY J. BOYLE, P.J., and
KATHLEEN ANN KEOUGH, J., CONCUR