[Cite as *State v. Snell*, 2019-Ohio-2251.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
CLARK COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case No. 2018-CA-99 |
| | : | |
| v. | : | Trial Court Case No. 2017-CRB-3420 |
| | : | |
| JARED A. SNELL | : | (Criminal Appeal from Municipal Court) |
| | : | |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 7th day of June, 2019.

. . . . . . . . . . .

MARC T. ROSS, Atty. Reg. No. 0070446, Assistant Prosecuting Attorney, City of Springfield Prosecutor's Office, 50 East Columbia Street, Suite 449, Springfield, Ohio 45502
        Attorney for Plaintiff-Appellee

V. GAYLE MILLER, Atty. Reg. No. 0091528, P.O. Box 10124, Dayton, Ohio 45402
        Attorney for Defendant-Appellant

. . . . . . . . . . . . .

WELBAUM, P.J.

{¶ 1} Defendant-appellant, Jared A. Snell, appeals from a judgment of the Clark County Municipal Court resentencing him on his conviction for telecommunications harassment. In support of his appeal, Snell contends that the trial court lacked jurisdiction to resentence him because the community control sanctions imposed at his original sentencing hearing expired prior to his resentencing. For the reasons outlined below, we disagree with Snell's claim and will affirm the judgment of the trial court.

### Facts and Course of Proceedings

{¶ 2} On October 25, 2017, Snell pled guilty to one count of telecommunications harassment in violation of R.C. 2917.21(A)(1), a first-degree misdemeanor. Following a presentence investigation, the trial court sentenced Snell to a 60-day jail term. The trial court, however, suspended the jail term on two conditions—that Snell: (1) pay a fine of $500 by January 12, 2018; and (2) have no contact with the victim of his offense. There is no dispute that Snell paid the $500 fine on the stated deadline.

{¶ 3} In May 2018, the trial court received notice of allegations that Snell had violated the no-contact order and held a hearing on the allegations. Snell did not appear at this hearing. During the hearing, the trial court heard testimony from the victim regarding numerous contacts with Snell and the victim's concern for her safety. The trial court also reviewed written exhibits concerning Snell's contacts with the victim. Based on the testimony and evidence presented, the trial court found Snell in violation of the no-contact order and issued a warrant for his arrest.

{¶ 4} On June 4, 2018, Snell filed a motion to vacate his sentence on grounds that

the no-contact order was contrary to law. Snell argued that the no-contact order was contrary to law because the trial court failed to state a duration of time for the order as required by R.C. 2929.25. After reviewing the motion, the trial court held a resentencing hearing on August 13, 2018. During that hearing, the trial court vacated Snell's sentence and resentenced him to 60 days in jail, suspended on the same two conditions previously imposed. This time, however, the trial court specified that Snell was not to have contact with the victim for five years. The trial court also noted that Snell had already satisfied the condition that he pay a $500 fine.

{¶ 5} Snell thereafter appealed from the trial court's resentencing, raising three assignments of error for review.

**Assignments of Error**

{¶ 6} Snell's three assignments of error can be reduced to a single argument—that the trial court lacked jurisdiction to resentence him. In support of this claim, Snell asserts that a trial court loses jurisdiction over an offender once the period of community control sanctions imposed on the offender expires. To that end, Snell claims that both conditions attached to his suspended 60-day jail sentence are conditions of community control that expired when he paid his fine on January 12, 2018. Snell believes the no-contact order expired on that date because the trial court otherwise failed to specify a duration of time for the no-contact order. Snell therefore claims that the trial court no longer had jurisdiction to resentence him after he paid the fine as ordered. We disagree.

{¶ 7} Misdemeanor community control sanctions are governed by R.C. 2929.25. Pursuant to that statute, a trial court is provided with the following two options when

sentencing a misdemeanor offender: (1) directly impose a sentence that consists of a community control sanction; or (2) impose a jail sentence, suspend some or all of that sentence, and place the offender on community control. *State v. Fankle*, 2015-Ohio-1581, 31 N.E.3d 1290, ¶ 10 (2d Dist.), citing R.C. 2929.25(A)(1)(a) and (b). "Under either circumstance, the sentencing court retains jurisdiction over the offender for the duration of the sanctions imposed." *In re A.R.H.*, 10th Dist. Franklin No. 18AP-554, 2019-Ohio-1325, fn. 1, citing R.C. 2929.24(H) and 2929.25(C).

{¶ 8} Here, when sentencing Snell, the trial court chose the second option under R.C. 2929.25(A)(1)(b)—to impose a jail term, suspend the jail term, and then place Snell on community control sanctions. There is no dispute that a no-contact order, such as the one issued here, is considered a community control sanction. *See State v. Anderson*, 143 Ohio St.3d 173, 2015-Ohio-2089, 35 N.E.3d 512, ¶ 17.

{¶ 9} There is an explicit requirement in R.C. 2929.25(A)(3) for the sentencing court to state the duration of the community control sanctions imposed. However, that requirement only applies when the trial court directly imposes community control sanctions, not where, as here, the trial court imposed a suspended jail sentence with community control sanctions. *State v. Drake*, 2d Dist. Montgomery No. 21939, 2007-Ohio-6586, ¶ 22. *Accord State v. Everson*, 6th Dist. Lucas No. L-17-1138, 2018-Ohio-323, ¶ 24-26; *State v. Lucas*, 4th Dist. Washington No. 16CA7, 2017-Ohio-7663, ¶ 9; *State v. Russell*, 7th Dist. Mahoning No. 09 MA 156, 2011-Ohio-1181, ¶ 27-28.

{¶ 10} That said, "R.C. 2929.25(A)(2) provides that the duration of all community control sanctions imposed and in effect at any time cannot exceed five years." *Drake* at ¶ 16. That provision applies regardless of whether the trial court directly imposes

community control or imposes a suspended jail sentence with community control. *Id.* It has been held that a trial court violates R.C. 2929.25(A)(2) when it fails to state the duration of a community control sanction, and that such a violation renders the community control sanction at issue void. *State v. Geiger*, 169 Ohio App.3d 374, 2006-Ohio-5642, 862 N.E.2d 914, ¶14-15 (3d Dist.). *See also State v. Lasalla*, 8th Dist. Cuyahoga No. 101316, 2015-Ohio-106, ¶ 23-24 (holding that if a trial court imposes a sentence of community control that exceeds the five-year limitation in R.C. 2929.25(A)(2), that part of the sentence is void).

{¶ 11} When a judgment is void " '[i]t is as though such proceedings had never occurred; the judgment is a mere nullity and the parties are in the same position as if there had been no judgment.' " *State v. Bezak*, 114 Ohio St.3d 94, 2007-Ohio-3250, 868 N.E.2d 961, ¶ 12, quoting *Romito v. Maxwell*, 10 Ohio St.2d 266, 267-268, 227 N.E.2d 223 (1967). *Accord State v. Billiter*, 134 Ohio St.3d 103, 2012-Ohio-5144, 980 N.E.2d 960, ¶ 10. "[W]here a sentence is void because it does not contain a statutorily mandated term, the proper remedy is * * * to resentence the defendant." *State v. Jordan*, 104 Ohio St.3d 21, 2004-Ohio-6085, 817 N.E.2d 864, ¶ 23, citing *State v. Beasley*, 14 Ohio St.3d 74, 75, 471 N.E.2d 774 (1984). *See, e.g.*, *Rocky River v. Holcomb*, 8th Dist. Cuyahoga No. 102982, 2016-Ohio-396, ¶ 6-7 and *Lasalla* at ¶ 23-24 (remanding for resentencing where the trial court's imposition of community control was rendered void for exceeding the five-year limitation in R.C. 2929.25(A)(2)).

{¶ 12} In this case, at the original sentencing hearing, the trial court failed to specify a duration of time for the no-contact order. The trial court merely stated that Snell was "not to have contact with [the victim] again." Disposition Trans. (Nov. 17, 2017), p. 3.

The corresponding sentencing entry also does not specify a duration of time for the no-contact order. Per *Geiger*, the indefinite nature of the no-contact order violated R.C. 2929.25(A)(2) and rendered the no-contact order void. We agree with *Geiger* and find that the no-contact order, as ordered at the original sentencing hearing, was void.

{¶ 13} As previously noted, Snell filed a motion to vacate his sentence based on the trial court's failure to specify a duration of time for the no-contact order. The trial court thereafter vacated Snell's original sentence and resentenced him to the same 60-day, suspended jail term. The trial court also placed the same two conditions on Snell's suspended jail term—that he pay a $500 fine and have no contact with the victim. However, when resentencing Snell, the trial court specified that the no-contact order was to be in effect for five years. Therefore, based on the case law outlined above, we find that the trial court took the appropriate steps to correct its original sentencing error and properly resentenced Snell in accordance with R.C. 2929.25(A)(2).

{¶ 14} Despite this, Snell contends that the trial court lacked jurisdiction to resentence him because the no-contact order expired when he paid his fine on January 12, 2018. In support of this claim, Snell cites our decision in *State v. Shorter*, 2d Dist. Montgomery No. 22188, 2008-Ohio-1986, wherein we stated:

> This Court has consistently held that a trial court has no jurisdiction to impose sentence once the original period of community control expires, when no action was taken to institute or prosecute a violation hearing during the period of community control. *See State v. Whitaker*, Montgomery App. Nos. 21003, 21034, 2006-Ohio-998, at ¶ 17. *See, also, State v. Adkins*, Montgomery App. No. 21810, 2007-Ohio-4886, at ¶ 7 ("[I]t is clear that

proceedings to revoke community control sanctions must be initiated prior to the expiration of the terms of community control["]). Such ruling is founded in the Ohio Revised Code. *See* R.C. 2951.07 ("A community control sanction continues for the period that the judge or magistrate determines and, subject to the five-year limit specified in section 2929.15 or 2929.25 of the Revised Code, may be extended"); R.C. 2929.25(B)(1) ("The sentencing court retains jurisdiction over any offender whom it sentences for the duration of the sanction or sanctions imposed").

*Shorter* at ¶ 10.

{¶ 15} Snell's argument requires this court to conclude that the no-contact order expired prior to him being resentenced. However, such an argument is flawed because the duration of the no-contact order as originally imposed was indefinite, that is, no expiration date ever existed. More importantly, the failure to state a duration for the no-contact order rendered that part of Snell's sentence void for violating R.C. 2929.25(A), and it is well established that "trial courts retain continuing jurisdiction to correct a void sentence[.]" *State v. Raber*, 134 Ohio St.3d 350, 2012-Ohio-5636, 982 N.E.2d 684, ¶ 20, citing *State ex rel. Cruzado v. Zaleski*, 111 Ohio St.3d 353, 2006-Ohio-5795, 856 N.E.2d 263, ¶ 19. *Accord State v. Dolby*, 2d Dist. Champaign No. 2014-CA-11, 2015-Ohio-2424, ¶ 15. Therefore, because Snell's original sentence was void, the trial court had jurisdiction to resentence him in accordance with R.C. 2929.25(A)(2).

{¶ 16} Given that all of Snell's arguments lack merit, his three assignments of error are overruled.

## Conclusion

{¶ 17} Having overruled all of Snell's assignments of error, the judgment of the trial court is affirmed.

. . . . . . . . . . . . .

HALL, J., concurs.

DONOVAN, J., concurs in judgment only.

Copies sent to:

Marc T. Ross
V. Gayle Miller
Hon. Denise L. Moody