[Cite as *State v. Boyce*, 2012-Ohio-3713.]

IN THE COURT OF APPEALS OF CLARK COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| Plaintiff-Appellee | : | C.A. CASE NO. 11CA0095 |
| vs. | : | T.C. CASE NO. 08CR612 |
| RAMON BOYCE | : | (Criminal Appeal from Common Pleas Court) |
| Defendant-Appellant | : | |

· · · · · · · · ·

**O P I N I O N**

Rendered on the 17th day of August, 2012.

· · · · · · · · ·

Andrew Wilson, Pros. Attorney; Lisa M. Fannin, Asst. Pros. Attorney, Atty. Reg. No.
0082337, 50 E. Columbia Street, P.O. Box 1608, Springfield, OH 45501
     Attorneys for Plaintiff-Appellee

Ramon Boyce, #588408, P.O. Box 69, Lebanon, OH 43140
     Defendant-Appellant, Pro Se

· · · · · · · · ·

GRADY, P.J.:

{¶ 1} Defendant Ramon Boyce was convicted in 2009 following a jury trial of burglary, R.C. 2911.12(A)(3), and receiving stolen property, R.C. 2913.51. The court imposed prison terms of five years and one year, respectively, for those offenses, and ordered that they be served consecutively. The prison sentences were also ordered to run consecutive to a sentence imposed on Boyce in another case. Fines totaling $12,500 were also imposed.

{¶ 2} Boyce filed a timely notice of appeal from his convictions. On review, we

affirmed Boyce's convictions and the sentences the trial court imposed. *State v. Boyce,* 2d Dist. Clark No. 09CA0044, 2010-Ohio-2127.

{¶ 3} On September 28, 2011, Boyce filed a Motion To Resentence. [Dkt. 64]. Boyce argued that his burglary and receiving stolen property offenses are allied offenses of similar import which must be merged pursuant to R.C. 2941.25, relying on the Ohio Supreme Court's holding in *State v. Johnson*, 128 Ohio ST.3d 153, 2010-Ohio-6314, 942 N.E.2d 1061.

{¶ 4} The trial court overruled Boyce's Motion To Resentence on October 25, 2011. [Dkt. 65]. Boyce filed a notice of appeal from that order on December 7, 2011. [Dkt. 66].

{¶ 5} As an initial matter, the State argues that we lack jurisdiction to hear Boyce's appeal because he failed to file his notice of appeal within thirty days following entry of the final judgment from which the appeal is taken. App.R. 4(A); *Transamerica, Inc. v. Nolan*, 72 Ohio St.3d 320, 649 N.E.2d 1229 (1995).

{¶ 6} A motion seeking vacation or correction of a sentence on the basis of constitutional rights, filed subsequent to direct appeal, is a petition for postconviction relief allowed by R.C. 2953.21. *State v. Reynolds*, 79 Ohio St.3d 158, 679 N.E.2d 1131 (1997). Boyce's motion relied on R.C. 2941.25, which enforces the constitutional right of double jeopardy. The motion was therefore a petition for postconviction relief.

{¶ 7} Proceedings commenced pursuant to R.C. 2941.25 are civil in nature, even when the petition involves a criminal proceeding. Civ.R. 58(B) provides: "When the court signs a judgment, the court shall endorse thereon a direction to the clerk to serve upon all parties not in default for failure to appear notice of the judgment and the date of its entry upon the journal. Within three days of entering the judgment upon the journal, the clerk shall serve the parties in a manner prescribed by Civ.R. 5(B) and note the service in the appearance

docket. Upon serving the notice and notation of the service in the appearance docket, service is complete."

{¶ 8} The trial court's judgment overruling Boyce's Motion To Resentence indicates that a copy of the judgment was provided to "C. Kinsler, Defendant # 599-408 LCI."[1] The judgment contains no direction to the clerk for service, and the appearance docket contains no notation that service was effected in the manner required by Civ.R. 58(B). Therefore, the time to file a notice of appeal from the trial court's judgment did not begin to run for purposes of Civ.R. 4(A) when the judgment was filed. The notice of appeal that Boyce filed on December 7, 2011 from the court's judgment of October 25, 2011 was not untimely, and we do not lack jurisdiction to hear Boyce's appeal.

FIRST ASSIGNMENT OF ERROR

{¶ 9} "THE TRIAL COURT 'JUDGE RASTATTER' ABUSED HIS DISCRETION AND COMMITTED PLAIN ERROR WHEN HE REFUSED TO RESENTENCE THE DEFENDANT (SIC) WHEN THE DEFENDANT IS SERVING CONSECUTIVE TERMS OF INCARCERATION FOR ALLIED OFFENSES OF SIMILAR IMPORT AND THE COUNTS MUST MERGE."

{¶ 10} Pursuant to the doctrine of res judicata, a valid final judgment on the merits bars all subsequent actions based on any claim arising out of the transaction or occurrence that was the subject matter of the previous action. *Grava v. Parkman Township*, 73 Ohio St.3d 379, 653 N.E.2d 226 (1995). The res judicata bar applies to any defense that was raised or could have been raised in a criminal defendant's prior direct appeal from his conviction and/or

---

[1] Boyce's motion contains a return address of the London Correctional Institution. The record suggests that C. Kinsler was the prosecuting attorney in Boyce's case.

sentence.  *State v. Perry*, 10 Ohio St.2d 175, 226 N.E.2d 104 (1967).

{¶ 11} In his prior direct appeal, Boyce challenged the fact that the court had imposed consecutive sentences, but he failed to raise the issue of merger of the convictions of which those sentences are a part.  Boyce could have then raised the issue.  Boyce's merger claim in the Motion To Resentence he subsequently filed is therefore barred by res judicata.  *Perry*.

{¶ 12} Boyce attempts to avoid the res judicata bar by reliance on *Johnson*, which was decided subsequently.  However, a new judicial ruling applies only to cases that are pending on the announcement date of the new ruling, and may not be applied retroactively to a conviction that has become final.  *Ali v. State of Ohio*, 104 Ohio St.3d 328, 2004-Ohio-6592, 819 N.E.2d 687.

{¶ 13} Boyce's convictions for burglary and receiving stolen property and the sentences imposed as a part of those convictions became final upon our decision in his prior merit appeal in 2010.  Boyce cannot rely on *Johnson* in support of his R.C. 2941.25 merger claim.

{¶ 14} The first assignment of error is overruled.

SECOND ASSIGNMENT OF ERROR

{¶ 15} "DID THE TRIAL COURT 'JUDGE RASTATTER' COMMITTED PLAIN ERROR AND REVERSIBLE ERROR IN GIVING THE JURY AN INSTRUCTION ON COMPLICITY WHEN NO EVIDENCE OF COMPLICITY WAS PRESENTED AND THE DEFENDANT WAS NOT PLACED ON NOTICE OF COMPLICITY UNTIL JURY INSTRUCTION CAUSING AN INFRAGMENT ON THE DEFENDANT'S DEFENSE."

{¶ 16} The error assigned could have been raised in Boyce's prior merit appeal, but was not.  The claim is barred by res judicata for purposes of the Motion To Resentence that

Boyce filed. Further, Boyce failed to argue the error he herein assigns in his Motion To Resentence. Error not raised in the trial court is waived and may not be assigned as error on appeal. *Cooper v. Dayton*, 120 Ohio App.3d 34, 696 N.E.2d 640 (1997).

{¶ 17} The second assignment of error is overruled.

THIRD ASSIGNMENT OF ERROR

{¶ 18} "THE TRIAL COURT ERRED IN FAILING TO REFLECT ON THE JUDGMENT ENTRY THAT THE DEFENDANT WAS CONVICTED OF COMPLICITY TO BURGLARY AND NOT BURGLARY AS INDICTED."

{¶ 19} A charge of complicity "may be stated in the terms of this section, or in terms of the principal offense." R.C. 2923.03(F). As a result, a defendant who is indicted as a principal offender is on notice that evidence could be presented that he was either the principal offender or an aider and abettor. *State v. Ensman*, 77 Ohio App.3d 791, 603 N.E.2d 303 (1991). In any event, and by reason of R.C. 2923.04(F) and its operation, a person convicted of complicity to commit an offense is subject to the same punishment as the principal.

{¶ 20} Boyce was charged with burglary, not complicity to commit burglary. Neither does the jury's verdict state that he was found guilty of complicity to commit burglary. The jury may have been instructed concerning complicity as Boyce suggests,[2] but that is not a basis to find that he was convicted of complicity. The record does not support the error Boyce assigns.

{¶ 21} The third assignment of error is overruled. The judgment from which the appeal is taken will be affirmed.

---

[2] We do not have a transcript of Boyce's trial.

DONOVAN, J., And HALL, J., concur.


**Copies mailed to:**

**Lisa M. Fannin, Esq.**
**Ramon Boyce**
**Hon. Douglas M. Rastatter**