[Cite as *State v. Smith*, 2012-Ohio-5920.]

IN THE COURT OF APPEALS FOR MONTGOMERY COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| Plaintiff-Appellee | : | C.A. CASE NO.  24553 |
| v. | : | T.C. NO.  06CR2323 |
| SHAWN D. SMITH | : | (Criminal appeal from Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . .

**O P I N I O N**

Rendered on the ____14th____ day of ____December____, 2012.

. . . . . . . . . .

R. LYNN NOTHSTINE, Atty. Reg. No. 0061560, Assistant Prosecuting Attorney, 301 W. Third Street, 5th Floor, Dayton, Ohio 45422
        Attorney for Plaintiff-Appellee

DANIEL E. BRINKMAN, Atty. Reg. No. 0025365, Suite 2000 Liberty Tower, 120 W. Second Street, Dayton, Ohio 45402
        Attorney for Defendant-Appellant

SHAWN D. SMITH, #539771, Southern Ohio Correctional Facility, P. O. Box 45699, Lucasville, Ohio 45699
        Defendant-Appellant

. . . . . . . . . .

FROELICH, J.

{¶ 1} Shawn D. Smith appeals from a judgment of the Montgomery County Court of Common Pleas, which, upon remand, sentenced him to an aggregate term of 46 years in prison. For the following reasons, the trial court's judgment will be affirmed.

{¶ 2} In January 2007, in Case No. 2006 CR 2323, a jury found Smith guilty of aggravated robbery, robbery, and engaging in a pattern of corrupt activity. (The court ordered a mistrial concerning an additional aggravated robbery count.) The jury also found Smith guilty of two additional counts of aggravated robbery, felonious assault, and receiving stolen property in Case No. 2006 CR 2300, which was tried at the same time. The trial court sentenced Smith to eight years for the robbery, ten years for the aggravated robbery, and eight years for engaging in a pattern of corrupt activity, to be served consecutively to each other and to the 28-year sentence imposed in Case No. 2006 CR 2300. Smith's aggregate sentence was 54 years in prison.

{¶ 3} Smith appealed from his convictions in both cases, arguing that his robbery and aggravated robbery convictions should be set aside under *State v. Colon*, 118 Ohio St.3d 26, 2008-Ohio-1624, 885 N.E.2d 917. He also argued that the trial court abused its discretion in imposing a 54-year sentence. We held that *Colon* did not apply to Smith's aggravated robbery convictions and that the trial court did not abuse its discretion in imposing the 54-year sentence. However, we agreed with Smith that the robbery indictment in Case No. 2006 CR 2323 was defective, that the defect "permeated" his trial on that charge, and that the defect resulted in structural error. We therefore reversed and vacated the robbery conviction and remanded this case to the trial court for resentencing; the remainder of the trial court's judgment was affirmed. *State v. Smith*, 2d Dist. Montgomery Nos. 22041, 22042, 2009-Ohio-5047.

{¶ 4}     The trial court resentenced Smith in May 2011 in Case No. 2006 CR 2323. The trial court reimposed the ten-year sentence for the aggravated robbery and the eight-year sentence for engaging in a pattern of corrupt activity.   As before, those sentences were to run consecutively to each other and consecutively to the 28-year sentence in Case No. 2006 CR 2300, for a total of 46 years.   Because the judgment in Case No. 2006 CR 2300 was not affected by our reversal of the robbery conviction, that judgment implicitly was affirmed in its entirety and there was no proceeding regarding that case.

{¶ 5}     Smith appeals from the trial court's judgment following his resentencing in Case No. 2006 CR 2323.

{¶ 6}     Smith's appellate counsel filed a brief pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), stating that after thoroughly examining the record and the law, he found no potentially meritorious issues for appeal.   By entry, we informed Smith that his attorney had filed an *Anders* brief on his behalf and granted him 60 days from that date to file a pro se brief. Smith filed a pro se brief and a supplemental brief raising additional issues for review.

{¶ 7}     We agree with appellate counsel that there are no potentially meritorious issues related to Smith's resentencing.   The case was remanded to the trial court for the sole purpose of resentencing Smith due to our reversal and vacation of his conviction for robbery.   The trial court reimposed the same sentences for the aggravated robbery and engaging in a pattern of corrupt activity charges and ran them consecutively to each other and to the sentence in Case No. 2006 CR 2300, as it did before.   We find no arguable error in the trial court's actions.

**{¶ 8}**  In his pro se brief, Smith raises four potential assignments of error: (1) the trial court abused its discretion in allowing a detective to testify about his oral statement, (2) the trial court failed to remove a biased juror who was falling asleep during the trial, (3) aggravated robbery and felonious assault (presumably in Case No. 2006 CR 2300) were allied offenses of similar import, and (4) trial counsel provided ineffective assistance by failing to move to strike a juror for cause.  In a supplemental pro se brief, Smith raises three additional arguments: (1) his conviction for engaging in a pattern of corrupt activity should be reversed because the jury did not find him guilty of all underlying charges and the indictment was defective, (2) the trial court erred in denying his motion to suppress, and (3) there was cumulative error.

**{¶ 9}**  Smith's arguments reflect that he believes that he can challenge all aspects of his convictions in this appeal.  He is mistaken.  We reversed and vacated only the conviction for robbery in Case No. 2006 CR 2323; we affirmed the underlying convictions for aggravated robbery and engaging in a pattern of corrupt activity in that case and remanded only for resentencing on those charges.  Smith's convictions in Case No. 2006 CR 2300 were affirmed in their entirety.  Our remand was therefore limited to resentencing in Case No. 2006 CR 2323, and only issues related to that resentencing are subject to challenge in this appeal.  *See State v. Wilson*, 129 Ohio St.3d 214, 2011-Ohio-2669, 951 N.E.2d 381, ¶ 30 ("The scope of an appeal from a new sentencing hearing is limited to issues that arise at the new sentencing hearing.").

**{¶ 10}**  "Pursuant to the doctrine of res judicata, a valid final judgment on the merits bars all subsequent actions based on any claim arising out of the transaction or occurrence

that was the subject matter of the previous action. *Grava v. Parkman Township,* 73 Ohio St.3d 379, 653 N.E.2d 226 (1995). The res judicata bar applies to any defense that was raised or could have been raised in a criminal defendant's prior direct appeal from his conviction and/or sentence. *State v. Perry,* 10 Ohio St.2d 175, 226 N.E.2d 104 (1967)." *State v. Boyce*, 2d Dist. Clark No. 11 CA 95, 2012-Ohio-3713, ¶ 10.

{¶ 11}    Each of the potential assignments of error that Smith raises could have been raised in his direct appeal from his convictions. Most of his arguments allege error in the trial, and the one potential assignment of error regarding sentencing concerns Case No. 2006 CR 2300, which is not relevant to this appeal. As a result, Smith is barred by res judicata from raising all of these issues now.

{¶ 12}    Pursuant to our duty under *Penson v. Ohio*, 488 U.S. 75, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988), we have conducted an independent review of the entire record, and we have found no potential assignments of error having arguable merit.

{¶ 13}    The trial court's judgment will be affirmed.

. . . . . . . . . .

GRADY, P.J. and HALL, J., concur.

Copies mailed to:

R. Lynn Nothstine
Daniel E. Brinkman
Shawn D. Smith
Hon. Barbara P. Gorman