[Cite as *State v. Singleton*, 2014-Ohio-630.]

# IN THE COURT OF APPEALS OF OHIO
## SECOND APPELLATE DISTRICT
## MONTGOMERY COUNTY

STATE OF OHIO

      Plaintiff-Appellee

v.

BRYAN K. SINGLETON

      Defendant-Appellant


Appellate Case No.    25946

Trial Court Case No.   1997-CR-1015/1


(Criminal Appeal from
 Common Pleas Court)

. . . . . . . . . . .

# O P I N I O N

Rendered on the 21st day of February, 2014.

. . . . . . . . . . .

MATHIAS H. HECK, JR., by CARLEY J. INGRAM, Atty. Reg. No. 0020084, Assistant Prosecuting Attorney, Montgomery County Prosecutor's Office, Appellate Division, Montgomery County Courts Building, P.O. Box 972, 301 West Third Street, Dayton, Ohio 45422
      Attorney for Plaintiff-Appellee

BRYAN K. SINGLETON, Inmate No. 352-353, London Correctional Institution, P.O. Box 69, London, Ohio 43140-0069
      Defendant-Appellant-Pro Se

. . . . . . . . . . . .

WELBAUM, J.

{¶ 1}    Defendant-appellant, Bryan K. Singleton, appeals pro se from the Montgomery County Court of Common Pleas decision overruling his motion to resentence, which the trial court construed as a petition for postconviction relief.   For the reasons outlined below, we affirm the judgment of the trial court.

## Facts and Course of Proceedings

{¶ 2}    In 1997, a three-judge panel convicted Singleton of aggravated murder, aggravated robbery, aggravated burglary, having a weapon while under disability, and an associated firearm specification.   The panel sentenced Singleton to consecutive prison terms on each count and ordered him to serve 30 years to life on the aggravated murder count, 10 years on the aggravated robbery count, 10 years on the aggravated burglary count, one year on the weapons under disability count, and three years for the associated firearm specification.   This court affirmed the trial court's judgment on appeal and the Supreme Court of Ohio denied review.   *See State v. Singleton*, 2d Dist. Montgomery Nos. 17003, 17004, 1999 WL 173357 (Mar. 31, 1999); *State v. Singleton*, 86 Ohio St.3d 1438, 713 N.E.2d 1049 (1999).

{¶ 3}    Following his conviction, Singleton filed a petition for a writ of habeas corpus, which was denied by the United States District Court for the Southern District of Ohio.   The Sixth Circuit Court of Appeals affirmed the district court's decision, and the United States Supreme Court denied review.   *See Singleton v. Carter*, 74 Fed. Appx. 536 (6th Cir.2003); *Singleton v. Carter*, 540 U.S. 1192, 124 S.Ct. 1442, 158 L.Ed.2d 103 (2004).

{¶ 4}    In 2005, Singleton also filed a petition for post conviction relief, which the trial

court denied. This court affirmed the trial court's decision denying Singleton's petition for postconviction relief in *State v. Singleton*, 2d Dist. Montgomery No. 21289, 2006-Ohio-4522.

{¶ 5}   On September 10, 2013, Singleton filed a motion with the trial court entitled "Motion to Resentence."   In the motion, Singleton petitioned the court to resentence him on grounds that his aggravated murder, aggravated robbery, and aggravated burglary convictions were allied offenses that must be merged pursuant to R.C. 2941.25.   In support of the motion, Singleton claimed the trial court's failure to merge the convictions at sentencing constituted plain error and violated his constitutional rights under the Double Jeopardy Clause of the Fifth Amendment to the United States Constitution.   The trial court construed the motion as a petition for postconviction relief and overruled it on grounds that   it was untimely and otherwise barred by the doctrine of res judicata.

{¶ 6}   Singleton now appeals from the trial court's decision overruling his motion, raising two assignments of error for review.

**Assignment of Error No. I**

{¶ 7}   Singleton's First Assignment of Error is as follows:

THE TRIAL COURT ERRED IN CONVERTING APPELLANT'S PLEADING DESIGNATED "MOTION TO RESENTENCE" TO A "POSTCONVICTION PETITION" AND THEN DISMISSING IT ON THAT BASIS, DEPRIVING APPELLANT OF DUE PROCESS AND EQUAL PROTECTION OF THE LAW.

{¶ 8}   Under this assignment of error, Singleton contends the trial court erred in

construing his motion to resentence as a petition for postconviction relief.   We disagree.

{¶ 9}    It is well established that " '[c]ourts may recast irregular motions into whatever category necessary to identify and establish the criteria by which the motion should be judged.' " *State v. Caldwell*, 2d Dist. Montgomery No. 24333, 2012-Ohio-1091, quoting *State v. Schlee*, 117 Ohio St.3d 153, 2008–Ohio–545, 882 N.E.2d 431, ¶ 12.   (Other citations omitted.) "Furthermore, '[w]here a criminal defendant, subsequent to his or her direct appeal, files a motion seeking vacation or correction of his or her sentence on the basis that his or her constitutional rights have been violated, such a motion is a petition for postconviction relief as defined in R.C. 2953.21.' " *State v. Brown,* 2d Dist. Darke No. 1747, 2009-Ohio-3430, ¶ 16, quoting *State v. Reynolds*, 79 Ohio St.3d 158, 160, 679 N.E.2d 1131 (1997).

{¶ 10}   R.C. 2953.21 states, in pertinent part, that:

[a]ny person who has been convicted of a criminal offense * * * and who claims that there was such a denial or infringement of the person's rights as to render the judgment void or voidable under the Ohio Constitution or the Constitution of the United States, * * * may file a petition in the court that imposed sentence, stating the grounds for relief relied upon, and asking the court to vacate or set aside the judgment or sentence or to grant other appropriate relief. * * *.   R.C. 2953.21(A)(1)(a).

{¶ 11}   In *Reynolds*, the Supreme Court applied R.C. 2953.21(A)(1) to a "Motion to Correct or Vacate Sentence" in order to determine whether the motion qualified as a petition for postconviction relief.  *Id.* at 160.   The Court concluded that the motion was a petition for postconviction relief despite its styling, because it: "(1) [was] filed subsequent to Reynolds's

direct appeal, (2) claimed a denial of constitutional rights, (3) sought to render the judgment void, and (4) asked for vacation of the judgment and sentence." *Id.*

{¶ 12} We have consistently used the analysis set forth in *Reynolds* when determining whether an irregular motion is properly construed as a petition for postconviction relief. *See State v. Isa*, 2d Dist. Champaign No. 2012-CA-44, 2013-Ohio-3382, ¶ 6; *Caldwell*, 2d Dist. Montgomery No. 24333, 2012-Ohio-1091 at ¶ 3; *State v. Hibbler*, 2d Dist. Clark No. 2008 CA 103, 2009-Ohio-3641, ¶ 3.

{¶ 13} In this case, Singleton's motion to resentence: (1) was filed after he had already filed a direct appeal; (2) claimed a denial of his constitutional rights under the Fifth Amendment; (3) sought to render the trial court's judgment voidable;[1] and (4) asked for the court to vacate his original sentence and resentence him. Therefore, we conclude Singleton's motion falls under the definition of a petition for postconviction relief as found in R.C. 2953.21(A)(1)(a). Accordingly, the trial court correctly construed the motion as a petition for postconviction relief.

{¶ 14} Singleton's First Assignment of Error is overruled.

### Assignment of Error No. II

{¶ 15} Singleton's Second Assignment of Error is as follows:

THE TRIAL COURT COMMITTED PLAIN ERROR IN FAILING TO MERGE

---

[1] Singleton's motion to resentence claims the trial court erred in failing to merge allied offenses of similar import, which is an error that renders a judgment voidable. *State v. Parson,* 2d Dist. Montgomery No. 24641, 2012-Ohio-730, *¶* 4, 9. Pursuant to R.C. 2953.21(A)(1)(a), a criminal offender who claims that a judgment against him is void *or voidable* under the constitution may file a petition for postconviction relief.

THE CONVICTIONS FOR AGGRAVATED BURGLARY AND AGGRAVATED ROBBERY WITH THE CONVICTION FOR AGGRAVATED MURDER (UNDERLYING FELONY) FOR PURPOSES OF SENTENCING, AS ALLIED OFFENSES OF SIMILAR IMPORT, IN VIOLATION OF APPELLANT'S RIGHT TO BE FREE FROM MULTIPLE PUNISHMENTS FOR THE SAME CONDUCT, GUARANTEED BY THE FIFTH AMENDMENT TO THE U.S. CONSTITUTION.

{¶ 16} Under this assignment of error, Singleton argues the trial court committed plain error in failing to merge his aggravated murder, aggravated robbery, and aggravated burglary convictions as required by R.C. 2941.25. However, having determined that Singleton's motion was properly construed as a petition for postconviction relief, we will review this matter to determine whether the trial court correctly overruled the motion as being untimely and otherwise barred by the doctrine of res judicata.

{¶ 17} Pursuant to R.C. 2953.21(A)(2), a petition for post-conviction relief "shall be filed no later than one hundred eighty days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction or adjudication * * *." R.C. 2953.23(A)(1) creates an exception to the 180-day requirement, however, courts have held that the exception does not apply where " 'the arguments in [defendant's] postconviction relief petition address only sentencing issues, not issues relating to his guilt.' " *State v. Hughes*, 10th Dist. Franklin No. 12AP-165, 2012-Ohio-4513, ¶ 10, quoting *State v. Brown*, 12th Dist. Fayette No. CA2006-06-026, 2007-Ohio-128, ¶ 11; *State v. Garnett*, 10th Dist. Franklin No. 12AP-594, 2013-Ohio-1210, ¶ 8.

{¶ 18} In this case, Singleton does not address the timeliness issue as part of his appellate brief. Yet, given that Singleton's direct appeal was filed in 1998 and his motion was filed in 2013, it is clear that his motion was untimely as a petition for postconviction relief. Furthermore, as noted above, the exception to the timeliness requirement in R.C. 2953.23(A)(1) does not apply, because Singleton's motion only addresses sentencing issues and not issues relating to his guilt. The trial court, therefore, correctly overruled the motion as untimely, as it was filed well after the 180-day time limit.

{¶ 19} Moreover, even if Singleton's petition was timely filed, he is precluded from raising the allied-offense argument, because the argument is barred by the doctrine of res judicata. As we stated in *State v. Boyce*, 2d Dist. Clark No. 11CA0095, 2012-Ohio-3713:

> Pursuant to the doctrine of res judicata, a valid final judgment on the merits bars all subsequent actions based on any claim arising out of the transaction or occurrence that was the subject matter of the previous action. *Grava v. Parkman Township*, 73 Ohio St.3d 379, 653 N.E.2d 226 (1995). The res judicata bar applies to any defense that was raised or could have been raised in a criminal defendant's prior direct appeal from his conviction and/or sentence. *State v. Perry*, 10 Ohio St.2d 175, 226 N.E.2d 104 (1967). *Id*. at ¶ 10.

{¶ 20} In his prior direct appeal, Singleton argued the trial court erred in failing to sustain his motion to suppress, but he never raised the issue of merging allied offenses. *See Singleton*, 2d Dist. Montgomery Nos. 17003, 17004, 1999 WL 173357 at *1. Singleton could have raised the merger issue at that time. Therefore, the merger argument in his subsequent motion to resentence is barred by res judicata. *See State v. Parson,* 2d Dist. Montgomery No.

24641, 2012-Ohio-730, ¶ 10 (the doctrine of res judicata barred defendant from arguing merger of allied offenses, because the argument was not raised on direct appeal).

{¶ 21} We further note that Singleton cannot rely on the Supreme Court of Ohio's decision in *State v. Johnson*, 128 Ohio St.3d 153, 2010-Ohio-6314, 942 N.E.2d 1061 to avoid the res judicata bar.[2] *Johnson* was decided after Singleton was convicted in 1999, and "a new judicial ruling applies only to cases that are pending on the announcement date of the new ruling, and may not be applied retroactively to a conviction that has become final." *Boyce*, 2d Dist. Clark No. 11CA0095, 2012-Ohio-3713, at ¶ 12, citing *Ali v. State of Ohio*, 104 Ohio St.3d 328, 2004-Ohio-6592, 819 N.E.2d 687, ¶ 6. Therefore, Singleton's sentence became final upon this court affirming the judgment of the trial court in his direct appeal. Accordingly, the decision in *Johnson* affords Singleton no relief.

{¶ 22} Singleton's Second Assignment of Error is overruled.

## Conclusion

{¶ 23} Having overruled all of Appellant Bryan K. Singleton's assignments of error, the judgment of the trial court is affirmed.

. . . . . . . . . . . .

FAIN and HALL, JJ., concur.

---

[2] In *Johnson*, the Supreme Court of Ohio outlined a new framework for evaluating merger issues. *Johnson* overruled *State v. Rance*, 85 Ohio St.3d 632, 710 N.E.2d 699 (1999) "to the extent that it calls for a comparison of statutory elements solely in the abstract under R.C. 2941.25." *Johnson* at ¶ 44. Now, "[w]hen determining whether two offenses are allied offenses of similar import subject to merger under R.C. 2941.25, the conduct of the accused must be considered." *Id.*

Copies mailed to:

Mathias H. Heck
Carley J. Ingram
Bryan K. Singleton
Hon. Michael W. Krumholtz