[Cite as *State v. Florence*, 2018-Ohio-421.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | C.A. CASE NO. 27478 |
| | : | |
| v. | : | T.C. NO. 03-CR-810 |
| | : | |
| LAMAR D. FLORENCE | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

**O P I N I O N**

Rendered on the 2nd day of February, 2018.

. . . . . . . . . . .

HEATHER JANS, Atty. Reg. No. 0084470. Assistant Prosecuting Attorney, 301 West Third Street, 5th Floor, Dayton, Ohio 45422
        Attorney for Plaintiff-Appellee

LAMAR D. FLORENCE, Inmate # 467506, 1001 Olivesburg Road, P.O. Box 8107, Mansfield, Ohio 44901
        Defendant-Appellant, pro se

. . . . . . . . . . . . .

DONOVAN, J.

{¶ 1} This matter is before the Court on the pro se Notice of Appeal of Lamar Florence, filed February 24, 2017. Florence appeals from the trial court's February 1,

2017 "Decision, Order and Entry Overruling Defendant's Motion to Vacate Sentence and/or Resentencing."

{¶ 2} On March 14, 2003, Florence was indicted on two counts of aggravated murder (Counts One and Three), in violation of R.C. 2903.01(B), an unclassified felony; one count of kidnapping (Count Two), in violation of R.C. 2905.01(B)(2), a felony of the first degree; one count of aggravated robbery (Count Four), in violation of R.C. 2911.01(A)(1), a felony of the first degree; and one count of having weapons while under disability (Count Five), in violation of R.C. 2923.13(A)(2) and (B), a felony of the third degree. Each count contained a firearm specification. Following a jury trial, Florence was found guilty of one count of aggravated murder, kidnapping, one count of the lesser included offense of murder, and having weapons while under disability, along with four firearm specifications. The court sentenced Florence to life for aggravated murder, five years for kidnapping, and fifteen years to life for murder, all to be served concurrently. The court further sentenced Florence to three years for having weapons while under disability, to be served consecutively to the sentences imposed on Counts One, Two, and Three. Finally, the court merged the four firearm specifications and imposed an additional term of three years to be served consecutively and prior to the definite term of imprisonment. This Court affirmed Florence's conviction on direct appeal. *State v. Florence*, 2d Dist. Montgomery No. 20439, 2005-Ohio-4508. Florence's original Judgment Entry of Conviction is dated March 26, 2004, and it does not provide the manner of his conviction. On November 16, 2011, a Judgment Entry of Conviction Nunc Pro Tunc was issued which provides that Florence pled guilty to the above offenses. On December 29, 2011, another Judgment Entry of Conviction Nunc Pro Tunc was issued

which provides that Florence was found guilty by a jury.

{¶ 3} Florence filed his motion to vacate on December 9, 2016, arguing that the trial court, "at the time of sentencing failed to mention anything to the Defendant regarding post release control. * * * And then the Court through the sentencing judgment entry included language that the Defendant 'may/will' be subject to post release control.  The Court clearly failed to comply with R.C. Section 2929.19(B)(2)(c)."

{¶ 4} In overruling the motion, the trial court found as follows:

Pursuant to the doctrine of *res judicata*, "a valid final judgment on the merits bars all subsequent actions based on any claim arising out of the transaction or occurrence that was the subject matter of the previous action."  *State v. Boyce*, 2d Dist. Clark No. 11CA0095, 2012-Ohio-3713, ¶ 10 (citations omitted).   This bar "applies to any defense that was raised or could have been raised in a criminal defendant's prior direct appeal from his conviction and/or sentence."  *Id.* * * * Defendant has already appealed the above captioned case twice, with regard to the trial and sentencing, to the Ohio Second District Court of Appeals. * * * On his first appeal, Defendant raised six points, none of which claimed that he was insufficiently informed of his mandatory post release control.   * * * Defendant failed to raise this issue on appeal the first time, and because he did not, he is therefore barred from raising this claim now based on the doctrine of *res judicata*.   On his second appeal, Defendant only challenged the Termination Entry entered Nunc Pro Tunc.  The Ohio Second District Court of Appeals dismissed Defendant's appeal.

Further, at the time the Defendant was sentenced, this Court finds that Judge Hall sufficiently articulated Defendant's sentence.  Defendant received a life sentence on the Aggravated Murder charge.  Given that Defendant is serving a life sentence for Aggravated Murder, and 15 years to life for Murder, the Parole Board will decide if, or when, Defendant would be released and under what type of supervision.

The issue that Defendant raised claiming he was not properly notified of post release control supervision on the underlying crimes appears to the Court to be superfluous and moot.

{¶ 5} Florence asserts two assignments of error herein.   His first assigned error is as follows:

THE TRIAL COURT ERRED WHEN IT FAILED TO PROPERLY IMPOSE MANDATORY FIVE YEARS POST-RELEASE CONTROL AT THE SENTENCING HEARING WHICH RESULTED IN APPELLANT'S SENTENCE BEING CONTRARY TO LAW AND VOID, AND VIOLATING MR. FLORENCE'S RIGHTS TO EQUAL PROTECTION AND DUE PROCESS UNDER THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION.

{¶ 6} According to Florence, the "record clearly reflects the trial court failed to impose the statutory [sic] mandated five years post-release control for Count 1[sic]: Kidnapping, at the sentencing hearing. * * * Thus Florence['s] sentence is contrary to law and void."   He asserts that the doctrine of res judicata does not apply to his motion, and that he "moves this Court to vacate his sentence on Count 1 [sic] and remand this matter

to the trial court for resentencing."

**{¶ 7}** The record reflects that the trial court did not mention post-release control at sentencing. Florence's December 29, 2011 Judgment Entry of Conviction provides in part: "The Court by this entry advises the defendant that following the defendant's release from prison, the defendant will/may serve a period of post-release control under the supervision of the parole board."

**{¶ 8}** The State concedes error and acknowledges that "a defect in the imposition of post-release control may be raised at any time." The State asserts as follows:

> * * * Considering the sentencing structure, Florence has served his time on the Kidnapping charge, but has yet to serve his time on the Having Weapons While Under Disability charge because he is still serving out his sentences on the murder charges. Therefore, while the trial court cannot impose a period of post-release control for the Kidnapping charge at re-sentencing, the trial court must impose a discretionary term of post-release control of up to three years for the Having Weapons While Under Disability charge. As such, the State concedes that this case should be remanded to the trial court for re-sentencing solely for the purposes of imposing post-release control for Florence's conviction of having Weapons While Under Disability.

**{¶ 9}** " 'If a sentence is void for failure to include proper postrelease-control notification, the trial court—or the reviewing court—has an obligation to recognize the void sentence, vacate it, and order resentencing.' * * *." *State v. Hudson*, 2d Dist. Clark No. 2014 CA 53, 2014-Ohio-5363, ¶ 19. " 'Post-release control' involves a period

of supervision by the Adult Parole Authority after an offender's release from prison that includes one or more post-release control sanctions imposed under R.C. 2967.28. R.C. 2967.01(N). Post-release control is mandatory for some offenses and is imposed at the discretion of the Parole Board for others. R.C. 2967.28(B); * * *." *Hudson*, ¶ 20. As this Court further noted in *Hudson*, at ¶ 21:

> The Supreme Court of Ohio has held that when a judge fails to impose the required post-release control as part of a defendant's sentence, "that *part* of the sentence is void and must be set aside." (Emphasis in original.) *State v. Fischer,* 128 Ohio St.3d 92, 2010–Ohio–6238, 942 N.E.2d 332, ¶ 26; *State v. Holdcroft,* 137 Ohio St.3d 526, 2013–Ohio–5014, 1 N.E.3d 382. The improper post-release control sanction "may be reviewed at any time, on direct appeal or by collateral attack," *Fischer* at ¶ 27, but "res judicata still applies to other aspects of the merits of a conviction, including the determination of guilt and the lawful elements of the ensuing sentence," *id.* at ¶ 40.

{¶ 10} As the State asserts, Florence has served his five-year sentence for kidnapping. Since his sentence for having weapons while under disability, a felony of the third degree, was ordered to be served consecutively to his sentences on Counts One, Two, and Three, Florence's first assignment of error is sustained to the extent that post-release control was not properly imposed on the having weapons while under disability count. R.C. 2967.28(C) provides that any sentence for a felony of the third degree that is not an offense of violence or a felony sex offense, "shall include a requirement that the offender be subject to a period of post-release control of up to three

years after the offender's release from imprisonment, if the parole board, in accordance with division (D) of this section, determines that a period of post-release control is necessary for that offender." Having sustained Florence's first assignment of error as to the having weapons while under disability count, the matter is accordingly remanded for resentencing as set forth above.

{¶ 11} Florence's second assignment of error is as follows:

THE TRIAL COURT ERRED WHEN IT IMPOSED SEP[A]RATE CONCURRENT SENTENCES ON COUNT 1: AGGRAVATED MURDER AND COUNT 2: KIDNAPPING, AFTER CONCLUDING BOTH OFFENSES WERE ALLIED OFFENSE[S] OF SIMILAR IMPORT, THEREBY RENDERING MR. FLORENCE'S SENTENCES ON BOTH COUNTS CONTRARY TO LAW AND VOID, AND IN VIOLATION OF THE EQUAL PROTECTION AND DUE PROCESS CLAUSE UNDER FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION.

{¶ 12} Florence asserts that his "sentences on Count 1 and Count 2 should be vacated and remanded to the trial court for resentencing." The State responds that res judicata applies to Florence's argument. In reply, Florence asserts that there "is no doubt the trial court implicitly determined Kidnapping and Aggravated Murder are allied offenses of similar import," and that his sentences for those offenses are void.

{¶ 13} The trial court at the sentencing hearing sentenced Florence in part as follows:

* * * so with regard to Count 1, this Court is going to sentence you to life in prison. With regard to Count 2, the kidnapping charge – the Court is

of the belief that since the kidnapping is also part of the aggravated murder charge, that the Court cannot sentence you to a separate and distinct or consecutive anyway charge. I will sentence you on the kidnapping charge though to a period of 5 years in prison that will run concurrently with the life in prison charge. With regard to Count 3, I'm sorry, Count 3 was a charge on which you were found guilty of murder. The Court at some point would entertain motions whether or not that is merged, however at this point I'm going to find that it is not and sentence you to 15 years to life in prison on Count 3. That charge will be served concurrently with the life in prison on the aggravated murder charge. * * *

**{¶ 14}** In *State v. Byrd*, 2d Dist. Montgomery No. 26700, 2015-Ohio-5293, ¶ 10, this Court noted that the "failure to merge allied offenses does not render a judgment void, but voidable. * * * Consequently, challenges to the trial court's failure to merge allied offenses are barred by the doctrine of res judicata if they could have been, but were not, raised on direct appeal." *See also State v. Williams*, 148 Ohio St.3d 403, 2016-Ohio-7658, 71 N.E.3d 234, ¶ 26 ("* * *when a trial court finds that convictions are not allied offenses of similar import, or when it fails to make any finding regarding whether the offenses are allied, imposing a separate sentence for each offense is not contrary to law and any error must be asserted in a timely appeal or it will be barred by principles of res judicata.") Since the doctrine of res judicata applies to Florence's second assignment of error, it is overruled. As noted above, the matter is remanded to the trial court for the limited purpose of imposing post-release control on Count Five, having weapons while under disability. The judgment of the trial court is affirmed in all other respects.

. . . . . . . . . . . . .

WELBAUM, P.J. AND TUCKER, J., concur.

Copies mailed to:

Heather Jans
Lamar Florence
Hon. Dennis J. Adkins