[Cite as *State v. Florence*, 2019-Ohio-4365.]

### IN THE COURT OF APPEALS OF OHIO
### SECOND APPELLATE DISTRICT
### MONTGOMERY COUNTY

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case No. 28075 |
| | : | |
| v. | : | Trial Court Case No. 2003-CR-810 |
| | : | |
| LAMAR DEION FLORENCE | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 25th day of October, 2019.

. . . . . . . . . . .

MATHIAS H. HECK, JR., by HEATHER N. JANS, Atty. Reg. No. 0084470, Assistant Prosecuting Attorney, Montgomery County Prosecutor's Office, Appellate Division, Montgomery County Courts Building, 301 West Third Street, Dayton, Ohio 45422
     Attorney for Plaintiff-Appellee

JOHN C. CUNNINGHAM, Atty. Reg. No. 0082475, 1500 Yankee Park Place, Dayton, Ohio 45458
     Attorney for Defendant-Appellant

. . . . . . . . . . . .

WELBAUM, P.J.

{¶ 1} Defendant-appellant, Lamar Deion Florence, appeals from a judgment of the Montgomery County Court of Common Pleas resentencing him on a 2004 conviction for having weapons while under disability. In support of his appeal, Florence contends that the post-release control portion of the resentencing judgment is void because the trial court improperly advised him that he was subject to a discretionary term of post-release control for "a period of three years" as opposed to a period of "up to three years" as required by R.C. 2967.28(C). The State concedes error and both parties agree that this case must be remanded to the trial court so that Florence can be resentenced to the appropriate term of post-release control.

{¶ 2} For the reasons outlined below, we agree that the trial court erred when resentencing Florence to post-release control. Therefore, the judgment will be reversed in part and the matter will be remanded to the trial court for the sole purpose of resentencing Florence to the appropriate post-release control term. In all other respects, the judgment of the trial court is affirmed.

**Facts and Course of Proceedings**

{¶ 3} On March 20, 2004, a jury found Florence guilty of aggravated murder, kidnapping, murder, having weapons while under disability, and four attendant firearm specifications. As a result of his convictions, the trial court sentenced Florence to life in prison for aggravated murder, five years in prison for kidnapping, and fifteen years to life in prison for murder, all to be served concurrently. The trial court also imposed a three-year prison term for having weapons while under disability and ordered that sentence to be served consecutively to the sentences imposed for his other offenses. The trial court

further sentenced Florence to three years in prison for the four firearm specifications, which the trial court merged into one specification at sentencing. The trial court additionally ordered the three-year sentence for the merged firearm specifications to run prior and consecutive to all the other sentences imposed.

{¶ 4} After he was sentenced, Florence filed a timely appeal from his conviction, which we affirmed in *State v. Florence*, 2d Dist. Montgomery No. 20439, 2005-Ohio-4508 ("*Florence I*"). Approximately 11 years after we affirmed Florence's conviction, Florence filed a pro se motion to vacate his sentence. In support of that motion, Florence argued that the trial court had failed to notify him of his post-release control obligation at sentencing. The trial court overruled Florence's motion on the basis of res judicata. Florence then appealed from that order.

{¶ 5} On appeal, this court found, and the State conceded, that the trial court had failed to notify Florence of his post-release control obligation at sentencing. *State v. Florence*, 2d Dist. Montgomery No. 27478, 2018-Ohio-421, ¶ 7 ("*Florence II*"). The State also conceded, and we agreed, that a defect in the imposition of post-release control may be raised at any time, thus making the doctrine of res judicata inapplicable. *Id.* at ¶ 8. Because the failure to impose post-release control as part of a defendant's sentence renders that part of the sentence void, *State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 332*,* ¶ 26, we remanded the matter to the trial court for the limited purpose of resentencing Florence to the appropriate term of post-release control. *Florence II* at ¶ 9-10, 14. Given that Florence's kidnapping and having weapons while under disability offenses were the only offenses that carried a post-release control

obligation,[1] and given that Florence had already completed his sentence for kidnapping,[2] we ordered Florence to be resentenced to the appropriate term of post-release control for having weapons while under disability. *Id.* at ¶ 10.

{¶ 6} On March 7, 2018, the trial court held a resentencing hearing pursuant to our directive in *Florence II*. At this hearing, the trial court advised Florence that, upon completing his prison sentence for having weapons while under disability, he "may be placed on a period of three years of post[-]release control supervision" for that offense. Resentencing Hearing Trans. (Mar. 7, 2018), p. 3. The trial court also advised Florence that all other aspects of his sentence previously imposed remained in full force and effect.

{¶ 7} On March 9, 2018, the trial court issued an amended sentencing entry to reflect Florence's resentencing. The amended sentencing entry stated that Florence "MAY, if the Parole Board determines that a period of Post[-]Release Control is necessary for the defendant, be supervised by the Parole Board for a period of THREE (3) years Post-Release Control after the defendant's release from imprisonment."

{¶ 8} Following his resentencing and the trial court's amendments to the sentencing entry, Florence appealed from the trial court's resentencing judgment. Florence's appellate counsel then filed an *Anders* brief suggesting two potential assignments of error, one of which was that the trial court may have erred when resentencing Florence to the discretionary-three-year term of post-release control. Upon

---

[1] Unclassified felonies, such as Florence's murder offenses, are not subject to post-release control. *State v. Eggers*, 2d Dist. Clark No. 2011-CA-48, 2013-Ohio-3174, ¶ 25-26; *State v. Clark*, 119 Ohio St.3d 239, 2008-Ohio-3748, 893 N.E.2d 462, ¶ 36-37.

[2] Once a defendant has served his prison sentence, a trial court loses jurisdiction to resentence the defendant for purposes of imposing post-release control. *State v. Holdcroft*, 137 Ohio St.3d 526, 2013-Ohio-5014, 1 N.E.3d 382, ¶ 5.

review, we found that this potential assignment of error had arguable merit for appeal, rejected the *Anders* brief, and appointed new appellate counsel to represent Florence. Florence's new appellate counsel then filed a merit brief raising a single assignment of error that framed the post-release control argument for this court's review.

## Assignment of Error

{¶ 9} Under his sole assignment of error, Florence contends that the post-release control portion of his resentencing judgment is void because the trial court improperly advised him at the resentencing hearing and in the amended sentencing entry that he was subject to a discretionary term of post-release control for "a period of three years." According to Florence, the trial court should have imposed a discretionary term of post-release control for a period of "up to three years" as required by R.C. 2967.28(C). The State has conceded error in that regard. Upon review, we agree that the trial court erred when it resentenced Florence to post-release control, and further agree that the error rendered the post-release control portion of the resentencing judgment void.

{¶ 10} When sentencing a felony offender to a term of imprisonment, a trial court is required to notify the offender at the sentencing hearing about post-release control, and is further required to incorporate that notice into its sentencing entry. *State v. Grimes*, 151 Ohio St.3d 19, 2017-Ohio-2927, 85 N.E.3d 700, ¶ 8. " '[W]hen a judge fails to impose the required post-release control as part of a defendant's sentence, 'that *part* of the sentence is void and must be set aside.' " (Emphasis sic.) *State v. Heard*, 2d Dist. Montgomery No. 27454, 2018-Ohio-314, ¶ 21, quoting *Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 332 at ¶ 26; *Holdcroft*, 137 Ohio St.3d 526, 2013-Ohio-5014, 1

N.E.3d 382, ¶ 7.

**{¶ 11}** In this case, the trial court advised Florence at the resentencing hearing and in the amended sentencing entry that his third-degree-felony offense of having weapons while under disability carried a discretionary term of post-release control for "a period of three years."   R.C. 2967.28(C), however, provides that a discretionary term of post-release control for a period of "up to three years" applies to that offense.   This court has held that similar misstatements by the trial court render the post-release control portion of the sentence void.   *See, e.g., State v. Ramey*, 2d Dist. Montgomery No. 24944, 2012-Ohio-3978, ¶ 12-13; *State v. Adkins*, 2d Dist. Greene No. 2010-CA-69, 2011-Ohio-2819, ¶ 6.   Therefore, in light of the trial court's misstatement, the post-release control portion of Florence's resentencing judgment is void.

**{¶ 12}** When a judgment is void " '[i]t is as though such proceedings had never occurred; the judgment is a mere nullity and the parties are in the same position as if there had been no judgment.' "   *State v. Bezak*, 114 Ohio St.3d 94, 2007-Ohio-3250, 868 N.E.2d 961, ¶ 12, quoting *Romito v. Maxwell*, 10 Ohio St.2d 266, 267-268, 227 N.E.2d 223 (1967).   *Accord State v. Snell*, 2d Dist. Clark No. 2018-CA-99, 2019-Ohio-2251, ¶ 11.   Accordingly, in that circumstance, the proper remedy is to resentence the defendant. *State v. Jordan*, 104 Ohio St.3d 21, 2004-Ohio-6085, 817 N.E.2d 864, ¶ 23, citing *State v. Beasley*, 14 Ohio St.3d 74, 75, 471 N.E.2d 774 (1984).   *Accord Snell* at ¶ 11.

**{¶ 13}** For the foregoing reasons, Florence's sole assignment of error is sustained.


**Conclusion**

**{¶ 14}** Having sustained Florence's assignment of error, this case is remanded to

the trial court for the sole purpose of resentencing Florence to the appropriate term of post-release control.   Therefore, on remand, the trial court shall conduct another sentencing hearing and advise Florence that he is subject to a discretionary term of post-release control for a period of "up to three years."   The trial court shall then incorporate that term of post-release control into an amended sentencing entry.   In all other respects, the judgment of the trial court is affirmed.

. . . . . . . . . . . . .

FROELICH, J. and TUCKER, J., concur.

Copies sent to:

Mathias H. Heck, Jr.
Heather N. Jans
John C. Cunningham
Lamar D. Florence
Hon. Dennis J. Adkins